**ASSELTA et al. v. 149 MADISON AVE. CORPORATION et al.**

No. 307.

Circuit Court of Appeals, Second Circuit.

June 17, 1946.

Writ of Certiorari Denied Oct. 28, 1946.

See 67 S.Ct. 124.

Joseph Caine, of New York City (Walter Gordon Merritt, Robert R. Bruce, and John J. Boyle, all of New York City, of counsel), for appellants.

Duberstein & Nimkoff, of New York City (Wilbur Duberstein and Frederick E. Weinberg, both of New York City, of counsel), for appellees.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellees and others not parties to this appeal brought this suit in the District Court for the Southern District of New York to recover overtime pay, liquidated damages and a reasonable attorney's fee under § 7(a) and § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 207 (a) and 216(b). It was brought against the owner and the managing agent of a loft building in the City of New York in which the plaintiffs worked as maintenance employees and it has been stipulated that they were engaged in the production of goods for commerce. It originally covered periods both preceding and subsequent to April 20, 1942, but all questions concerning the preceding period have now been adjusted and settled and the sole issue on this appeal is whether the method for the calculation of overtime pay incorporated in the contract of employment under which the appellees worked after April 20, 1942, conforms to the requirements of the Act.

Before April 20, 1942, the appellees were employed to work fixed workweeks exceeding forty hours at fixed weekly wages. Those weekly wages were sufficiently high in each instance so that the hourly rate computed, in what may be called the usual way shown by Overnight Motor Transportation Co., Inc. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, by dividing the amount received by the number of hours worked would amount to more than the statutory minimum. They were also sufficiently high so that the regular hourly rate would exceed the statutory minimum if computed in accordance with a formula which was inserted in a contract of employment covering these employees effective as of September 1, 1942, for the future until April 20, 1945, and made retroactive to April 21, 1942. This formula, sometimes called that of the National War Labor Board Agreement, provided so far as now material, that:

"The hourly rates for those regularly employed more than forty (40) hours per week shall be determined by dividing their weekly earnings by the number of hours employed plus one-half of the number of

hours actually employed in excess of forty (40) hours."

In making the employment contract of September 1, 1942, the parties did not see fit to agree upon the basis of a designated regular hourly rate of pay for a statutory workweek expressed simply in terms of dollars or cents but retained the previous workweek in excess of forty hours and the previous weekly wage which the appellees had been paid, and subject to future changes in both the workweek and the weekly wage, attempted to bring the agreement within the statute by means of the formula above quoted. The appellants seek to justify this seemingly cumbersome method for compliance with the statute on the ground that the parties understood that the stated weekly wage included what statutory overtime was inherent in the stated workweek. Consequently, so it is argued, it must follow, since the appellees agreed to allocate their weekly wages in accordance with the formula, that for the first forty hours their hourly rate would be sufficiently low (not being less than the statutory minimum) to permit an increase of 50 per cent for the hours in the designated workweek in excess of forty without increasing their weekly pay rate. It is said that, because by the use of the formula such an allocation of the weekly pay may be made by mathematical computation, the contract should be treated as though for each employee an hourly rate so computed had been expressly stated. See Berg-Schneider v. Peabody Coal Co., 7 Cir., 142 F.2d 784; Shepler v. Crucible Fuel Co., 3 Cir., 140 F.2d 371.

In the absence of any attempt to circumvent the statute we might agree. But here the court found on substantial evidence that the appellees were employed by the appellants after April 20, 1942, at fixed weekly rates of compensation and that the "purpose of the agreement formula for determining the hourly rates of those employees who were regularly employed more than 40 hours per week was to reduce the hourly rate sufficiently so the payment of time and a half for overtime would not bring the total weekly earnings substantially above the weekly rates set by the agreement." The effect of the use of the formula was to make any increase in the employees' pay above the regular weekly rate depend not upon overtime in excess of forty hours but upon overtime computed only in excess of whatever workweek the parties might agree upon. As was demonstrated in this record, that involved mathematical computations which in most instances would, if the formula was strictly adhered to, not result in the exact weekly pay agreed upon. The slight discrepancies were then simply ignored and the agreed weekly rate was always paid instead of what would be due under the formula. The result was employment at whatever regular workweek and at whatever regular weekly wage the parties saw fit to agree upon which remained constant regardless of work in excess of forty hours per week which was not in excess of the number of hours in the agreed workweek. While the parties were free to agree upon any regular workweek and fix or compute the regular rate of payment therefor in any way they desired provided the statutory minimum hourly wage was paid, United States v. Rosenwasser, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301, "this freedom of contract does not include the right to compute the regular rate in a wholly unrealistic and artificial manner so as to negate the statutory purposes." Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 65 S.Ct. 11, 14, 89 L. Ed. 29. It does negate the statutory purposes to base employment upon a regular unvarying weekly wage for a workweek in excess of the statutory minimum hours and then merely break that down into so-called regular and overtime hourly rates by means of a formula so the weekly wage actually definitely fixed is seemingly transferred into an hourly wage rate. That amounts but to an illusion of overtime pay after a forty hour workweek where there can be no increase in pay per workweek because of overtime work unless there is overtime not only in excess of the statutory workweek but also in excess of the agreed workweek. See Walling v. Youngerman-Reynolds Hardwood Co., Inc., 325 U.S. 419, 427, 65 S.Ct. 1242, 1250, 89 L.Ed. 1705, 1711; Adams v. Union Dime Sav. Bank, 2 Cir., 144 F.2d 290; Watkins v. Hudson Coal Co., 3 Cir., 151 F.2d 311. The at-

tempt to make the contract consummated in September retroactive to April 20 but highlights the illusion that the new contract was more than a continuation of the old wage arrangement which did not comply with the statute. The right to overtime pay which had already accrued to these appellees could not thus be waived. Brooklyn Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296.

Affirmed.