MICHIGAN WINDOW CLEANING CO.
v. MARTINO et al.
No. 10773.

United States Court of Appeals
Sixth Circuit.
March 21, 1949.

L. S. Davidow, of Detroit, Mich. (Davidow & Davidow, of Detroit, Mich., on the brief), for appellant and cross-appellee.

Erwin Ellmann, of Detroit, Mich. (Leon A. Cousens, Ellmann & Rosin, and Erwin B. Ellmann, all of Detroit, Mich., on the brief), for appellees and cross-appellants.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The appeal is from a judgment for the appellees for unpaid overtime compensation provided by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and attorney's fees. The appellant is a window cleaning company serving manufacturing industries in Detroit, Michigan, most of which are engaged in interstate commerce, and the appellees are window washers under contract with appellant.

The cause is before the court for the third time. Originally the complaint was dismissed upon the pleadings and stipulations of fact on the ground that the appellees were not within the coverage of the Act and that the appellant was exempt under § 13(a) (2) as a retail and service establishment, Martino v. Michigan Window Cleaning Co., D.C., 51 F.Supp. 505. We affirmed, 145 F.2d 163, finding it impossible to entertain the concept that window cleaning becomes interstate commerce or in pursuance of the production of goods for commerce by the mere fact that the windows that are cleaned are in the manufacturing establishments of industries engaged in interstate commerce. Certiorari was denied on February 26, 1945, 324 U.S. 849, 65 S.Ct. 685, 89 L.Ed. 1409. On June 18, 1945, the Supreme Court, without explanation, set aside its denial, 325 U.S. 849, 65 S.Ct. 1565, 89 L.Ed. 1970, granted certiorari and upon hearing reversed, 327 U.S. 173, 66 S.Ct. 379, 90 L.Ed. 603, remanding the cause to the district court for proceedings in accordance with its opinion.

The appellees had sought answers to interrogatories concerning hourly wage rates, hours worked, the premises upon which they were employed, the names and businesses of the customers, and the workweek under which the appellant operated with respect to each claimant. The court ordered the interrogatories answered and gave the appellant a month to comply. Answers made were held not responsive and additional time was granted. After other delays, default was entered against the appellant for failure to respond to interrogatories, the court pointing out that it had provided adequate opportunity to present required information as a basis for computation of the individual claims and that appellant had failed to furnish any records. A motion to set aside the default was denied. The court concluded that the appellant had made every attempt to frustrate and defeat its mandated purpose of determining the sums due the respective claimants; that appellant's course of conduct indicated that it was deliberately trying to confuse and impede progress; that its failure to make any attempt to give adequate and complete answers to the interrogatories left it with no alternative but to enter the order of default.

From such order the appellant sought review in this court but its appeal was dismissed, 6 Cir., 164 F.2d 93, because it was not from a final judgment or decree. Upon remand the district court took evidence from the claimants as to hours of work and rates of pay, declined to receive appellant's evidence or permit it to cross-examine witnesses, and finally, on November 26, 1947, entered judgment for the appellees in the sum of $3,417.02, with interest thereon from the date of the decision of the Supreme Court. It also denied appellees' prayer for liquidated damages and allowed their counsel $6,000 as reasonable attorney's fees for services in the cause, though $18,000 had been claimed.

From this judgment there is both an appeal and cross-appeal. The appellant's grievance is grounded upon the entry of its default, the failure of the court to set it

aside, and a contention that the claims of the appellees are now barred by the amendment to the Fair Labor Standards Act of 1938 through the enactment of the so-called Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. The cross-appeal complains of the failure of the court to grant the appellees liquidated damages and adequate attorney's fees.

We find no error in entering the order of default and in refusing to set it aside. Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for interrogatories and is similar to former Equity Rule 58 which has now been incorporated into the rules in simplified form. It is to be accorded a broad and liberal treatment for "civil trials in the federal courts no longer need be carried on in the dark." Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 389, 91 L.Ed. 451. Rule 37 sets forth the consequences for refusal to make discovery, and they include an order refusing to allow the disobedient party to support his designated defenses or prohibiting him from introducing testimony. If the party declines to answer interrogatories he may be precluded by the court from offering proof at the trial. Fisher v. Underwriters at Lloyd's of London, 7 Cir., 115 F.2d 641. Much has been left to the discretion of the court, and in view of the appellant's dilatory and contumacious tactics we are not persuaded that the discretion was here abused. Upon failure of the appellant to disclose such information as it had, the court relied upon the fallible memories of the claimants, but it has been held that where damages lack exactness and precision of measurement, reliance may be had on the most accurate basis possible under the circumstances. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Even so, the court was zealous in confining the claims to actual work done by careful inquiry on the subject of vacations, illness and work for other employers.

In a controversy over the reasonable value of services by attorneys, much reliance must be placed by a reviewing court upon the findings of the trial judge. The lawyers here diligently represented their clients in repeated hearings in the district court and pressed their cause through two reviewing courts. At every stage of the proceedings they were harrassed by dilatory tactics. They finally obtained judgment. We think the amount allowed was not excessive and upon consideration of the evidence, we are not prepared to say that it was so wholly inadequate as to warrant interference with the judgment at the instance of the cross-appellants.

In its contention that the court lacked jurisdiction to enter the judgment by reason of the enactment of the so-called Portal-to-Portal Act, the appellant relies upon § 2(a) (1) and (2), upon subsection (d) and likewise upon § 9. This being a jurisdictional question it must be decided regardless of the default. Section 2(a) reads: "No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, * * * (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, *except an activity which was compensable* by either—(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, * * * or (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, * * *" Subsection (d) withdraws from the courts of the United States jurisdiction over suits to recover for time that was not compensable under § 2(a).

The appellant's argument is that by the Portal-to-Portal Act all claims for overtime pay under the Fair Labor Standards Act are now barred and the courts precluded from exercising jurisdiction to adjudicate them. The argument is without merit. It overlooks the exception above italicized. It is clear that the only claims barred are those which were not compensable either by virtue of an express contract or by custom or practice, and this, without regard to whether compensation

was based upon straight time or overtime. The activities in which the appellees were engaged were compensable by an express contract between the employer and the union to which the employees belonged, and being compensable they were not within the bar or the jurisdictional exclusion. This is not a case which deals with claims for payment of activities which were newly perceived after the decision of the Supreme Court in Anderson v. Mt. Clemens Pottery Co., supra, and for which recovery was sought even though it had not theretofore been thought that the time spent in such activity was compensable working time. The Act clearly distinguishes between activities which had usually been paid for and those which, though incidental to work for an employer, did not constitute such work either by virtue of contract or custom.

While there is here no ambiguity in the statute which may be resolved by reference to Congressional proceedings and debates, and this is not one of those rare cases where inept statutory phrasing seems to be in conflict with the otherwise clearly indicated Congressional purpose and requires interpretation in the light of that purpose, nevertheless there is nothing in the proceedings referred to in the appellant's brief which indicates any confusion in the minds of the members of the Congress as to the scope of the Act. The excerpts from Volume 93 No. 50, page 2194 of the Congressional Record and Volume 93 No. 51, page 2268, wherein statements of Senator Lucas and Senator Wherry are recited, make clear that it was their understanding that the barred claims were only those that were not compensable by contract, custom or practice. Nor is the appellant's position supported by § 9 of the Act. That section provides that if failure to pay minimum wages or overtime compensation under the Fair Labor Standards Act was due to good faith reliance upon an administrative regulation, order, ruling or interpretation of an agency of the United States or any administrative practice or enforcement of policy by such agency, the employer should not be subject to liability on account of such failure. The appellant, however, refers to no administrative regulation, order, interpretation or practice relied upon, and we assume none can be found in view of the clear command of the Fair Labor Standards Act in respect to minimum wages and overtime compensation. Section 9 does not in terms distinguish between compensable and noncompensable activity, and so the appellant says that § 2 must be read in connection with § 9. The argument defeats itself because § 9 must be read in connection with § 2. It is § 2 that charts the basic scope of the Act. The intent of the Congress, in the light of the circumstances which brought forth the legislation and its announcement of policy in § 1 (a), is too clear to be misunderstood. Wise or otherwise, a great experiment in social progress is not to be thwarted by such feeble argument. It may, indeed, be true, though this we are not required to decide, that the exemption provisions and jurisdictional bar apply to other activities than those within the strict connotation of the Portal-to-Portal designation, but this has no bearing upon the distinction made between compensable and noncompensable activities.

In respect to the claim of the appellees for liquidated damages, § 11 provides that the court may, in its sound discretion, award no liquidated damages in cases where the employer shows to the statisfaction of the court that he, in good faith, had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act. This discretion the district court exercised when it denied to the appellee such damages and provided for interest only from the date of the Supreme Court decision which adjudicated the coverage of the Act to the employees of the appellant. After that date there could, of course, be no good faith failure to conform. We are not persuaded that the court abused the discretion committed to it by § 11.

The cross-appeal is dismissed and the judgment below is affirmed.