ASSELTA et al. v. 149 MADISON AVE. CORP. et al.

Civ. No. 23–461.

United States District Court
S. D. New York.

Feb. 27, 1951.

Duberstein & Nimkoff, New York City (Wilbur Duberstein and Frederick E. Weinberg, New York City, of counsel), for plaintiffs.

McLanahan, Merritt & Ingraham, New York City (John B. Tittmann and Robert R. Bruce, New York City, of counsel), for defendant.

S. H. KAUFMAN, District Judge.

This action was commenced on December 10, 1943. Plaintiffs were building service employees, seeking to recover overtime compensation, liquidated damages, and reasonable attorneys' fees under the provisions of §§ 7 and 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 207 and 216(b).

The case came for trial before Judge Bondy in November 1944. On March 8, 1946 a judgment was granted in favor of plaintiffs for $2,098.90 for overtime compensation due them from April 20, 1942 to December 10, 1943, together with an allowance of $524.70 for attorneys' fees and $29.48 costs. D.C. 65 F.Supp. 385. This judgment was affirmed by the Court of Appeals in June 1946. 2 Cir., 156 F.2d 139. The Supreme Court of the United States granted certiorari, 329 U.S. 817, 67 S.Ct. 353, 91 L.Ed. 696, and affirmed the judgment on May 5, 1947, 331 U.S. 199, 67 S.Ct. 1178, 91 L.Ed. 1432. Before issuing its mandate the Supreme Court, 331 U.S. 795, 67 S.Ct. 1726, 91 L.Ed. 1822, modified its judgment and remanded the case to the District Court to permit defendants to plead any defenses available to them under the Portal-to-Portal Act which was enacted on May 14, 1947.

In a trial before Judge Rifkind in November 1949, defenses under §§ 9 and 11 of the Portal-to-Portal Act, 29 U.S.C.A. §§ 258 and 260, were pleaded by defendants. Judge Rifkind found that the defense under § 9 (reliance on a past administrative ruling) was partially established and, therefore, that plaintiffs were not entitled to overtime pay for the period of employment succeeding September 5, 1942. The defense under § 11 (good faith) was upheld and, accordingly, liquidated damages were denied plaintiffs for the employment period for which defendants remained liable, April 20, 1942 to September 5, 1942.

On May 20, 1950 an order was entered D.C., 90 F.Supp. 442 in which Judge Rifkind modified and reduced Judge Bondy's judgment, 79 F.Supp. 413, and awarded plaintiffs overtime compensation for the period from April 21, 1942 to September 5, 1942. The order reserved two issues:

"(1) Whether and to what extent interest should be allowed upon the amount of the recovery.

"(2) To what extent, if at all, the award of attorneys' fees and costs allowed plaintiffs in the said judgment of March 8, 1946 should be increased or decreased, including whether attorneys' fees and costs should be awarded plaintiffs for legal services rendered in this action since the entry of said prior judgment of March 8, 1946, and if so, in what amount."

These are the issues which have now been tried.

## I. Interest

Plaintiffs claim they are entitled to interest on the overtime compensation awarded them.

First, it is necessary to dispose of plaintiffs' contention that the question of interest is one of local law. The Supreme Court has held expressly to the contrary in Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715, 65 S.Ct. 895, 89 L.Ed. 1296.

The problem is a novel one and its solution is dependent upon the interpretation of the effect of § 11 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 260, on § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b). Under § 16(b) of the Fair Labor Standards Act, the assessment of liquidated damages for a violation was mandatory. Overnight Motor Transport Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. Because of the mandatory provision for liquidated damages, it was held that interest was not recoverable under § 16(b), since the award of liquidated damages plus interest "would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages". Brooklyn Savings Bank v. O'Neil, supra, 324 U.S. at page 715, 65 S.Ct. at page 906, 89 L.Ed. 1296.

■ Under the Portal-to-Portal Act, the awarding of liquidated damages in actions under the Fair Labor Standards Act is no longer mandatory, but is placed by § 11 within the sound discretion of the court. Clearly, interest on an award in which no liquidated damages were granted, such as in the present case, would not be barred by the holding in Brooklyn Savings Bank v. O'Neil. An analysis of the opinion in the O'Neil case indicates that the Court regarded the provision for liquidated damages as a substitute for interest, which, the Court said, "is customarily allowed as compensation for delay in payment". 324 U.S. at page 715, 65 S.Ct. at page 906.

■ There being no bar to the granting of interest, the question whether or not it should be awarded remains to be answered. Though a statute creating an obligation be silent as to interest, silence is not to be taken as an unequivocal manifestation of intent that the obligation shall bear no interest. Rodgers v. United States, 332 U.S. 371, 373, 68 S.Ct. 5, 92 L.Ed. 3. It is a general principle "that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby sustained." Rodgers v. United States, supra, 332 U.S. at page 373, 68 S.Ct. at page 7.

In the present case, Judge Rifkind held, in substance, that there was a breach by defendants of an obligation imposed upon them by statute, which resulted in monetary

loss to plaintiffs. The equities of the situation require that plaintiffs be fully compensated for their loss by the granting of interest on the overtime compensation to which they were entitled, under Judge Rifkind's order, for the period from April 21, 1942 to September 5, 1942.

## II. Attorneys' Fees

Plaintiffs ask for counsel fees of $50,000. They argue that the factor of amount of recovery should be disregarded in the determination of the proper allowance to be made for attorneys' fees in this case. It is their contention that defendants were conducting the litigation as a test case to determine the validity and scope of the Fair Labor Standards Act. They point to the evidence adduced at the trial showing that the Realty Advisory Board assumed complete charge of the litigation on behalf of the owners from the beginning of the first appeal in March 1946, the Realty Advisory Board compensating the owners' attorneys and issuing bulletins advising its members of the status of the case. Plaintiffs' attorneys contend that as·a result of the litigation, members of the Realty Advisory Board will be liable to other claimants in the amount of $180,000 and, therefore, the value of their services should be measured not merely by the benefits which will accrue to the present claimants, but by the benefits which will also accrue to others similarly situated.

Although the contention that the case was subsidized by the Realty Advisory Board and conducted as a test case on behalf of real estate owners is borne out by the evidence, the evidence is equally as strong in showing that plaintiffs, too, were litigating the issues as a test case, and that their attorneys have received, and will receive, additional fees from others whose claims are affected by the outcome of this case. Plaintiffs' attorneys admitted that they represented thousands of claimants in the building and other industries, and, in fact, represented a section of Local 32B of the Building Service Employees' union. It was shown that, subsequent to the decision in the Court of Appeals, they had received between $80,000 and $90,000 in gross fees from settlements in cases of this type. Plaintiffs' attorneys admitted also that there are a thousand other cases in which they represent the claimants and stand to benefit as a result of the decision in this case.

In support of their contention that the factor of the amount of recovery should be disregarded in determining what allowance is to be made for attorneys' fees, plaintiffs cite Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466, in which claimants were awarded $3,417, while the counsel fees allowed amounted to $6,000. That case provides scant support for plaintiffs' argument. In the Martino case the defendants "made every attempt to frustrate and defeat [the court's] mandated purpose of determining the sums due the respective claimants". 173 F.2d at page 467. In the present case plaintiffs' attorneys admitted that defendants had been cooperative and were not guilty of employing dilatory or harassing tactics.

■ The statute here involved, providing that a reasonable attorney's fee be allowed, contemplates a fee "that is reasonable on the basis of time necessarily spent and character of effort required, in such relationship to the amount recovered as is fair under the circumstances of the particular situation." Dumas v. King, 8 Cir., 157 F.2d 463, 466. Of the elements enumerated, the amount of recovery would seem to be of considerable importance. In a statistical survey made of the cases under the Fair Labor Standards Act, it was revealed that the average counsel fee is approximately 20% of the amount recovered. See Gerber and Galfand, Employees Suits Under the Fair Labor Standards Act, 95 U. of Pa.L.Rev. 505, 534 (1947).

■ When the case was initially tried, Judge Bondy made an allowance for attorneys' fees amounting to $524.70 on the basis of 25% of the total recovery of each plaintiff. Although Judge Rifkind reduced the total recovery of the plaintiffs, he did not make a proportionate reduction in the attorneys' fees. As the amount awarded does not appear to be an unreasonable

allowance, there is no reason why such a reduction should be made now.

As to the allowance of fees for services rendered subsequent to the original judgment, certain problems raised by defendants must be solved before a determination is made.

■ Defendants contend that the question of additional fees is beyond the power of this court to determine. They argue that to make such a determination would be straying beyond the bounds of the Supreme Court's mandate. That mandate, which affirmed the judgment of the Court of Appeals, provided: "* * * the cause is remanded to the District Court * * * to consider any matters presented to it under the Portal-to-Portal Act of 1947 * * *." 331 U.S. 795, 67 S.Ct. 1726, 91 L.Ed. 1822. Defendants construe this mandate as a limitation on the power of this court to award additional attorneys' fees. Such a construction placed upon the mandate would have the effect of negating the provisions of the Fair Labor Standards Act § 16(b), requiring the court to allow a reasonable attorney's fee, a result which the Supreme Court should not be assumed to have intended. The mandate is susceptible of another interpretation, namely, that its scope was broadened, not narrowed, by the reference to the Portal-to-Portal Act, an interpretation in harmony with the fee provision of § 16(b) of the Fair Labor Standards Act. In Maddrix v. Dize, 4 Cir., 153 F.2d 274, a much narrower mandate was held not to preclude consideration of the question of additional fees.

■ Defendants raise the point that, because plaintiffs' brief in the Court of Appeals requested additional fees for services on appeal to that court and none was granted, they are precluded from raising the question of additional fees here. That may be true as far as services rendered in the Court of Appeals are concerned. See Maddrix v. Dize, 4 Cir., 153 F.2d 274, 276, which states that "* * * the Act does not forbid the District Court to award such additional compensation in case the appellate courts have not been asked and have not undertaken to do so." But, in their briefs before the Supreme Court no request for additional fees was made. Therefore, additional attorneys' fees may be awarded for services rendered subsequent to the original judgment, exclusive of those services performed in connection with the case before the Court of Appeals.

■ Because of the considerable sum plaintiffs' attorneys have already earned, and stand to gain, as a result of this case, it is believed that it would be just to give them no further award for their services. The statute, however, leaves the court with no alternative but to award a reasonable attorney's fee for services rendered. Therefore, in view of all of the circumstances of this case, including the small amount of plaintiffs' recovery, it is concluded that a reasonable attorney's fee would be $350 for the appeal to the Supreme Court and $100 for the trial before Judge Rifkind. The award of $524.70 for services rendered in the original proceeding before Judge Bondy shall stand.

Predicated on Judge Rifkind's opinion and order, compensation is awarded to each of the plaintiffs in the amounts set opposite their respective names, for overtime wages accruing to them between April 21, 1942 and September 5, 1942.

| | |
|---|---|
| Camilo Del Rio | $33.05 |
| Samuel Manne | 39.41 |
| Cornelius McCole | 72.60 |
| Burton Peterson | 33.91 |
| Frank Rodriguez | 38.90 |
| James Torra | 41.52 |
| John H. Berger | 55.45 |

To the amount stated shall be added interest from September 5, 1942, being the last pay period involved in this litigation, and lawyers' fees, as allowed above. With respect to interest on the weekly accrual making up the awards to each of the foregoing plaintiffs between April 21, 1942 and September 5, 1942, no allowance for interest is made, on the basis of the *de minimis* rule.

Plaintiffs are entitled to taxable costs.

Submit judgment.