**Fred C. HIPP, Appellant,**

v.

**Pattie Y. HIPP, Appellee.**

**No. 2012.**

Municipal Court of Appeals for the District of Columbia.

Argued June 28, 1957.

Decided Aug. 30, 1957.

William C. Darden, Washington, D. C., with whom Clinton W. Chapman and Gordon J. Myatt, Washington, D. C., were on the brief, for appellant.

William H. Clarke, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

A husband appeals from a judgment which awarded his wife a limited divorce on the ground of cruelty and granted her permanent alimony. His main complaint on appeal relates to matters preliminary to trial on the merits.

In her complaint the wife moved for alimony pendente lite, and prior to hearing on that motion her counsel gave the husband notice of the taking of his deposition. He did not appear and the wife then moved to strike his pleadings, or, in the alternative, to compel him to appear. Both motions came on for hearing at the same time. The husband's counsel stated he had advised his client to appear for the deposition, but the husband had stated he would not appear because he felt the deposition was for the purpose of harassment. Counsel further stated he could not offer any legal excuse for his client's failure to appear. The court then ordered the pleadings of the husband stricken, and proceeded to hear the motion for alimony pendente lite. The wife was allowed to testify and the husband's counsel was permitted to cross-examine her, but the husband was not allowed to testify or to introduce evidence. On her testimony an award of alimony pendente lite was allowed.

Approximately six weeks later the case came on for trial. The husband did not appear. His counsel was present and explained the husband's absence by saying the husband had not been allowed to testify at the hearing on alimony pendente lite and "we understand the same thing goes for now." The trial judge, who was not the one who had heard the motions, replied that the case was on for final hearing and the husband had the right to testify and be heard. Counsel sought no opportunity to call his client and trial proceeded. Counsel cross-examined the wife and her witness at length, and at the conclusion of the wife's case the following

colloquy took place between the court and the husband's counsel:

"The Court: Very well. I understand that the defendant still has not appeared by his own choice. I again offer to him through you the chance to testify in this case.

"Mr. Chapman: I would like the record to show that I have advised the defendant of the time and the date of the trial.

"The Court: Have you advised him today?

"Mr. Chapman: Yes, your Honor.

\*   \*   \*   \*   \*   \*

"The Court: He refused your suggestion to come down?

"Mr. Chapman: I would rather not answer that question.

"The Court: What did he say when you suggested he come down?

"Mr. Chapman: He gave me a laugh.

"The Court: Let the record show he has not appeared at any time during this trial and that the opportunity was given him.

"Mr. Chapman: I would like to state that the defendant informed me that in view of what happened to him before he could not possibly see how this case could be held or he would be able to do anything that would help this cause by appearing."

■ Our first question relates to the propriety of the order striking the hus-

band's pleadings for failure to appear for the taking of his deposition. This order was evidently entered under Federal Rule of Civil Procedure 37.(d), 28 U.S.C.A.[1] which provides that if a party willfully fails to appear before the officer who is to take his deposition, the court may strike out all or any part of any pleading of that party. The rule provides that pleadings may be stricken but does not require that it be done; and we think that in no divorce case should a defendant's answer be stricken. The only purpose readily seen for striking an answer would be to then proceed as if in default, but our Code specifically forbids the grant of a divorce on default.[2] We hold it was error to strike the husband's pleadings.[3]

■ Was it error to refuse to allow the husband to testify or offer evidence at the hearing on the motion for alimony pendente lite? We think not. He had refused to appear for the deposition and as a consequence it was discretionary with the trial court whether he be allowed to testify at the hearing which was preliminary, dealt only with temporary support for the wife and did not go to the final merits of the action.[4] We find no abuse of discretion.

■ This leads to the final question. Did the error in striking the answer materially prejudice the husband's rights at the final hearing? He asserts that because his answer had been stricken and because he had not been allowed to testify at the hearing on the preliminary motion, he was led to believe that he would not be allowed to testify at the final hearing. He was not justified in this belief. The motions judge, who struck the pleadings and conducted the preliminary hearing, certainly did not rule

1. The applicable Federal Rules of Civil Procedure govern in the Domestic Relations Branch except as otherwise specifically provided by its rules. Code 1951, Supp. V, § 11–766.

2. Code 1951, § 16–419.

3. In Florida it appears that there may be a decree *pro confesso* in divorce actions,

and answers have been stricken for failure to appear for deposition. See Bredin v. Bredin, Fla., 89 So.2d 353; Kaufman v. Kaufman, Fla., 63 So.2d 196.

4. See Fisher v. Underwriters at Lloyd's London, 7 Cir., 115 F.2d 641; Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466.

that the effect of his action would be to prevent the husband from testifying at the final hearing, and there is nothing to indicate that he intended that effect. And whatever may have been intended by the motions judge, or whatever the husband may have believed, it was cleared up by the trial judge who, before trial began, ruled that the husband had the right to appear, testify and defend. If his counsel was surprised by this ruling, he should have sought a continuance in order to bring his client to court. Instead, he went to trial, claiming that the refusal to permit his client to testify at the preliminary hearing "has contaminated the entire proceeding." If the husband had wished to testify, he should have appeared and asked for the opportunity. Instead, he stayed away and even when notified by his counsel of his right to testify he refused to come to court. If the husband was prejudiced at trial, it was due to his own actions and not that of the court.

Other contentions advanced by appellant are without merit and require no discussion.

Affirmed.