J-A03022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DREW PRITCHETT | : | |
| | : | |
| Appellant | : | No. 1030 WDA 2022 |

Appeal from the Order Entered August 23, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001813-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DREW  PRITCHETT | : | |
| | : | |
| Appellant | : | No. 1031 WDA 2022 |

Appeal from the Order Entered August 23, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016115-2007

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED: April 23, 2024**

Drew Pritchett appeals *pro se* from the order denying his untimely-filed petition for post-conviction relief.  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

In a prior appeal, this Court summarized the pertinent facts and procedural history as follows:

The underlying cases stem from a gang-related shooting. Briefly, [Pritchett] and Dorian Peterson were members of the Manchester OGs. On September 13, 2007, [Pritchett] stated that he wanted to do some "G-Shit" on the North Side, which was controlled by a rival gang, the Crips. To that end, [Pritchett] drove a vehicle into the North Side while Peterson pointed a sawed-off shotgun out the front passenger window. Peterson first shot Maurice Johnson, who was able to flee the scene and was treated at a hospital. Next, Peterson shot Terrence Monroe twice, killing him. Just prior to the shootings, [Pritchett] had picked up Carl Richardson and Jamal Younger to give them a ride home, so they were in the backseat during the shootings.

[Pritchett] was ultimately charged in connection with the shootings and proceeded to a jury trial with co-defendant Peterson. Docket No. CP-02-CR-0001813-2008 related to the shooting of Johnson ("Johnson Docket"), while Docket No. CP-02-CR-0016115-2007 related to the shooting death of Monroe ("Monroe Docket"). At the Johnson Docket, the jury convicted [Pritchett] of conspiracy to commit murder, aggravated assault, and recklessly endangering another person. At the Monroe Docket, the jury found [Pritchett] guilty of conspiracy to commit murder and possession of a prohibited weapon, and not guilty of first-degree murder and third-degree murder. Instead of recording the verdict, the trial court conducted an off-the-record discussion with counsel because it found the jury's verdict legally inconsistent and because the jury had failed to indicate which degree of murder was the object of the conspiracy. After polling the jury to confirm that each juror found [Pritchett] guilty of conspiracy to commit murder, the court instructed the jury to correct the verdict slip. The revised verdict slip did not clarify the degree of murder for the conspiracy charge. However, the jury crossed out the "not guilty" verdict for first-degree murder and changed their verdict on that count to "guilty." The court accepted this revised verdict slip.

[Pritchett] was sentenced at the Johnson Docket to a term of incarceration of ten to twenty years for aggravated assault. At the Monroe Docket, [Pritchett] was sentenced to life without parole for first-degree murder and ten to twenty years of incarceration for conspiracy. All terms of incarceration were set to run consecutively.

[Pritchett] timely filed a direct appeal to this Court at both dockets. Upon review, we held that the trial court erred in

- 2 -

directing the jury to revise the verdict slip on the Monroe Docket because it "was required to accept the verdicts as entered, notwithstanding the legal inconsistency." ***Commonwealth v. Pritchett***, 53 A.3d 923 (Pa. Super. 2012) (unpublished memorandum at 14) (citations omitted). Accordingly, we vacated [Pritchett's] conviction for first-degree murder, reversed [Pritchett's] judgment of sentence in part, and remanded for the trial court to resentence [Pritchett] on the Monroe Docket pursuant to the original verdict slip, *i.e.*, "on criminal conspiracy to commit homicide and possession of a prohibited offensive weapon only." ***Id.*** at 15.

On remand, the trial court imposed a new sentence at the Monroe Docket of twenty to forty years of incarceration for conspiracy followed by two and one-half to five years of incarceration for possession of a prohibited weapon. [Pritchett] did not file a direct appeal on the Monroe Docket as to this new sentence. Instead, [Pritchett] initiated PCRA proceedings at both dockets by timely filing a PCRA petition, with the assistance of counsel, in November 2012. Therein, [Pritchett] raised several claims of ineffective assistance of counsel. After an evidentiary hearing, the PCRA court denied [Pritchett's] petition. On appeal, this Court affirmed the PCRA court's order and our Supreme Court denied [Pritchett's] petition for allowance of appeal. ***Commonwealth v. Pritchett***, 134 A.2d 496 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 141 A.3d 480 (Pa. 2016).

***Commonwealth v. Pritchett***, 293 A.3d 589 (Pa. Super. 2023) (non-precedential decision at 1-4) (footnote omitted).

On June 9, 2020, Pritchett filed another *pro se* PCRA petition at both dockets. In this petition, Pritchett asserted that his second petition was timely pursuant to the governmental interference exception and the newly-discovered facts exceptions to the PCRA's one-year time bar. After issuing Pa.R.Crim.P. 907 notice, the PCRA court dismissed Pritchett's second petition on August 12, 2021. Pritchett appealed. On February 2, 2023, we agreed

that Pritchett's second petition was untimely and that he did not establish a time-bar exception. We therefore affirmed the PCRA court's order denying Pritchett post-conviction relief.

On August 16, 2022, while his appeal from the denial of his second petition was still pending, Pritchett filed a "Motion to Correct Patent and Obvious Mistakes pursuant to 42 Pa.C.S. § 5505 and Reconsideration of Sentence Nunc Pro Tunc pursuant to 42 Pa.C.S. § 5505." On August 22, 2022, the court below denied this motion.[1] Pritchett file an appeal at each docket, which we later consolidated. Although the PCRA court did not require Pa.R.A.P. 1925(b) compliance, the court filed a Rule 1925(a) opinion on May 18, 2023. In this opinion, the PCRA court opined that Pritchett's motion was actually a time-barred PCRA petition over which the court lacked jurisdiction.

Pritchett raises the following issues on appeal:

1. Did the [PCRA] court err in determining it lacked jurisdiction to respond to [Pritchett's] Motion to correct patently illegal and fraudulent sentence pursuant to 42 [Pa.C.S.] § 5505?

---

[1] Although the order is dated August 22, 2022, it was not time-stamped until August 23, 2023. Additionally, we note that the PCRA court's Rule 1925(a) opinion is dated May 18, 2023, but time-stamped May 18, 2025.

The PCRA court should not have ruled on Pritchett's 2022 petition while his appeal from the denial of his 2020 petition was still pending. **See generally**, **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000); **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*). Nonetheless, because the 2022 petition is untimely, in the interest of judicial economy, we dispose of the present appeal. **See generally**, **Commonwealth v. Beatty**, 207 A.3d 957 (Pa. Super. 2019).

2. Did the [PCRA] court err in determining that it lacked jurisdiction pursuant to 42 Pa.C.S. § 5505 to correct the illegal imposition of RRRI-Act where error was a patent and obvious clerical mistake subject to correction?

3. Did the [PCRA] court err by abusing its discretion in determining that it lacked jurisdiction to hear [Pritchett's] judicial vindictiveness sentencing claim pursuant to 42 Pa.C.S. § 5505 resulting in an illegal sentence?

Pritchett's Brief at 3.

Before addressing these issues, we first address whether the PCRA court properly considered Pritchett's 2022 motion as a serial PCRA petition. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); **Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act.  . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

All of Pritchett's assertions in his 2022 motion essentially challenge the legality of his sentence.  The PCRA is the exclusive avenue to collaterally attack the legality of a sentence.  42 Pa.C.S.A. § 9543(a)(2)(vii).  Thus, the PCRA court properly considered Pritchett's motion at issue here as a serial PCRA petition.

Treating Pritchett's 2022 motion as a PCRA petition, we must next determine whether the PCRA court correctly concluded that it was untimely

filed, and that Pritchett failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, this Court previously determined:

> [Pritchett's] judgment of sentence at the Johnson Docket, became final on July 2, 2012, thirty days after this Court affirmed that judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. As to the Monroe Docket, the judgment of sentence became final on August 12, 2012, thirty days after the trial court imposed a new sentence and the time for filing a direct appeal to this Court expired. Thus, to be timely any PCRA had to be filed within one year, or by July 2, 2013 and August 20, 2013, respectively.

*Pritchett*, *supra* (non-precedential decision at 8) (citations and footnotes omitted). As Pritchett filed the petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Pritchett has failed to plead and prove any exception to the PCRA's time bar. Indeed, his previous attempt to establish a time-bar exception in his second PCRA petition failed. *See Pritchett*, *supra*. In an apparent attempt to circumvent the PCRA's time bar, Pritchett asserts that the substantive issues he raises on appeal reveal patent and obvious mistakes in his sentencing orders which the court below had inherent authority to correct pursuant to Section 5505. According to Pritchett, Section 5505 permits the court to correct his sentence despite the PCRA's time limitations. We cannot agree.

This Court has rejected Pritchett's argument. Section 5505 of the Judicial Code reads as follows:

**§ 5505.  Modification of orders**

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court acknowledged that, despite section 5505's language, our Supreme Court has "upheld the inherent authority of trial courts to correct patent mistakes in sentences despite the absence of statutory jurisdiction." **Id.** at 519 (citations omitted). As in the instant case, the appellant in **Jackson** argued that the PCRA court possessed the inherent jurisdiction to consider an illegality of sentence claim filed after the expiration of the PCRA filing period.

In addressing this argument in **Jackson**, we first noted that, our Supreme Court, while establishing this exception, cautioned:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent mistakes.

**Jackson**, 30 A.3d at 520 (quoting **Commonwealth v. Holmes II**, 933 A.2d 57, 66-67 (Pa. 2007). In **Jackson**, this Court first noted that there was no error in Jackon's sentence. **Jackson**, 30 A.3d at 521. We further held:

> Second, even if there was an obvious illegality in Jackson's sentence, the PCRA court would not have had jurisdiction to consider Jackson's claim. **Holmes II** recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternative remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA.

- 8 -

*Id.* Because Jackson's illegal sentencing claim was cognizable under the PCRA, he was required to comply with its time requirements. Additionally, as he had not established a time-bar exception, his serial petition, filed nearly twenty years later, was patently untimely, and the PCRA court did not have jurisdiction to consider his claim.

In his 2022 motion, Pritchett noted that our Supreme Court granted allowance of appeal in *Commonwealth v. McGee*, 276 A.3d 701 (Pa. 2022), to address whether this Court's continued application of the *Jackson* holding "improperly constrict[ed] trial courts' jurisdiction, improperly expand[ed] the scope of the time-bar, and/or conflict[ed] with [our Supreme Court's] decision in *Commonwealth v. Holmes*, 293 Pa. 601, 933 A.2d 57 (2007)." On September 28, 2023, the Supreme Court majority held that, because the claim raised by McGee did not amount to a patent and obvious mistake, it did "not reach the question of whether a trial court's inherent authority to correct patent and obvious errors in the record is subject to the time limitations of the PCRA." *Commonwealth v. McGee*, 302 A.3d 659, 670 (Pa. 2023) (footnote omitted).[2] Thus, this Court's holding in *Jackson* remains viable.

Here, as in *Jackson*, Pritchett filed his serial petition nearly ten years after his judgment of sentence became final. He has not attempted to establish a time-bar exception, but rather, offers an alternative argument that has been rejected by this Court.

---

[2] Justice Wecht filed a dissenting opinion in which Justice Donohue joined.

In sum, Pritchett's motion to correct illegal sentences is cognizable under the PCRA, but it is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims.[3] **Derrickson**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/23/2024

---

[3] In addition to agreeing that Pritchett's 2022 petition is untimely, the Commonwealth alternatively argues that Pritchett's substantive sentencing claims do not establish patent and obvious mistakes that would trigger the court's inherent authority pursuant to Section 5505. Commonwealth's Brief at 11. Given the untimeliness of Pritchett's petition, we lack jurisdiction to consider Pritchett's substantive claims.