## RAYMER v. FIRST NAT. BANK OF BERWYN.

No. 28700.    March 7, 1939.

J. B. Moore, for plaintiff in error.

Sigler & Jackson, for defendants in error.

PER CURIAM. This action was instituted on September 18, 1934, by the defendants in error, hereafter referred to as plaintiffs, against plaintiff in error, hereafter referred to as defendant, to recover an alleged balance due on the purchase price of certain lands and to establish a vendor's lien thereon and for other relief. Trial was had, and

at the close of plaintiffs' evidence a demurrer thereto was sustained, and the plaintiffs appealed said action here. This court reversed and remanded the cause for a new trial. See First National Bank of Berwyn v. Raymer, 180 Okla. 529, 71 P.2d 485, wherein the facts which gave rise to the litigation are discussed and explained.

Upon receipt of the mandate of this court, the cause was reinstated upon the docket of the trial court. The defendant thereupon filed an amendment to his answer, and therein pleaded the statute of limitations in bar and denied the claim of the plaintiffs to a vendor's lien. The parties waived a jury and proceeded to try the cause to the court. At the conclusion of the evidence of the plaintiffs, the defendant demurred thereto, and when this demurrer was overruled, declined to offer any evidence in his behalf. The court thereupon rendered judgment in favor of the plaintiffs and assessed their recovery at the sum of $1,140, with interest thereon at 6 per cent. per annum from June 22, 1931, and decreed plaintiffs a vendor's lien upon the lands involved in the controversy and directed a sale of said lands to satisfy the judgment so rendered. The defendant saved exceptions to said judgment and gave notice of appeal, and within the statutory period filed in this court his petition in error with transcript thereto attached. As grounds for the reversal of said judgment, the defendant assigns seven specifications of error, which are as follows:

"First: The court erred in overruling the demurrer to the plaintiff's testimony.

"Second: The court erred in rendering judgment in favor of the plaintiffs, and against the defendant.

"Third: The court had no judicial power to enter and render a judgment in said cause on the pleadings filed in said cause.

"Fourth: The court erred in finding that the plaintiffs had a cause of action for the reason as shown by the judgment of the Supreme Court. There was no written contract on which said cause of action was based, unless it was the purported deed, which deed was not attached to the petition, and no cause of action was instituted on same, and after said cause was remanded to the lower court for new trial, the said court failed, and made no attempt to amend the judgment, and that said pleadings filed in said cause did not show facts sufficient to constitute a cause of action against the defendant.

"Fifth: The court erred in finding that said cause of action, if any, was not barred

by the statute of limitation, which plea had been specifically interposed by the defendant.

"Sixth: The court erred in overruling the demurrer of the defendant to the petition of the plaintiffs.

"Seventh: The court erred in finding that the plaintiffs had a lien upon the property."

The first four assignments of error thus made are presented and discussed under the following proposition, to wit:

"The trial court did not have judicial power to render the judgment it rendered herein."

In support of the proposition so advanced, the defendant quotes from the opinion in the case of First National Bank of Berwyn v. Raymer, supra, wherein it was said:

"After it developed in the trial of the cause that a written contract did not accompany the deed, counsel for plaintiffs took the position that the deed itself was a sufficient basis for the action, and that the action upon the deed would bring the same within the five year statute of limitations, applicable to written contracts. Had the trial court accepted that theory of the case, it would have been permissible for the court to have granted leave to amend the petition, as the evidence in the case would justify such an amendment under the circumstances."

The defendant argues that the above language constitutes an adjudication of the fact that there was no written contract, and that since plaintiffs had not amended their petition, therefore there was no issue presented or cause of action stated upon which a judgment could be rendered. The lack of merit in this argument arises out of error in the major premise. In First National Bank of Berwyn v. Raymer, supra, this court said:

"The only question involved in the appeal is whether the three- or five-year statute applies to the subject of the action."

And held that the five-year statute was applicable and reversed the cause for a new trial. Upon such remand the cause stood for trial, except as to questions of law settled by the proceeding in error, as if no trial had ever been had. Turk v. Page, 68 Okla. 275, 174 P.1081; Ball v. Rankin, 23 Okla. 801, 101 P. 1105. Apparently the trial court so understood the law and proceeded to try the cause de novo as he was required to do. Continental Casualty Co. v. Goodwin, 180 Okla. 365, 69 P.2d 644. None of the evidence or proceedings had at this trial has been brought here, and since this is so, it must be presumed that the judgment was responsive to the evidence introduced and that the pleadings were treated by the

parties as amended to conform both to the evidence and the judgment. Mulhall v. Mulhall, 3 Okla. 304, 41 P. 109; Ashinger v. White, 106 Okla. 19, 232 P. 850. As said in the case of Cox v. Warford, 34 Okla. 374, 126 P. 1026:

"Error is never presumed; it must always be shown. And if it does not affirmatively appear it will be presumed that no error has been committed."

The cases of Barnes v. Winona Oil Co., 83 Okla. 253, 200 P. 985; Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 P. 498; Morgan v. Karcher, 81 Okla. 210, 197 P. 433; Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, L. R. A. 1917D, 1029, cited by the defendant, and which deal with judgments rendered upon matters entirely outside of the issues involved and upon matters not submitted for determination, have no application to the record now under consideration. As said in the case of Wagner et al. v. Lucas et al., 79 Okla. 231, 193 P. 421:

"Where the trial court has jurisdiction of the parties, of the subject matter, and the particular questions involved, and the allegations in the original petition are sufficient to challenge a judicial inquiry, the judgment rendered by such court is not void on account of an amendable defect or insufficiency in the petition, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by defendant after the term."

The defendant in effect concedes that the petition was sufficient to withstand a demurrer. The court had jurisdiction of the parties and of the subject matter and the particular questions involved. Hence the judgment was not void. While the defendant states that he has not abandoned and insists upon the remaining assignments presented, he fails to cite any authority in support thereof. Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignment in detail. Carr v. Seigler, 52 Okla. 485, 153 P. 141. The defendant has failed to present any prejudicial error in the record which he has brought here. Under such circumstances this court will not substitute its judgment for that of the trial court.

Plaintiffs have called our attention to the supersedeas bond appearing in the record and have requested judgment thereon. They are therefore given judgment against said sureties; execution to issue out of the district court of Carter county.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur.