J. R. WATKINS CO. v. CHAPMAN.

No. 32211.  Sept. 24, 1946.

*172 P. 2d 768.*

P. D. Erwin, of Chandler, and George, Owen & Brehmer, of Winona, Minn., for plaintiff in error.

Walter G. Wilson, of Chandler, for defendant in error.

HURST, V.C.J.  Plaintiff, the J. R. Watkins Company, sued defendant, D. P. Chapman, the guarantor upon a contract of sale entered into between plaintiff and one of its salesmen, Claude Bebout, to recover the price of goods sold to Bebout thereunder. The jury returned a general verdict for defendant, and from the judgment entered thereon, plaintiff appeals. Save for the question of whether the court erroneously refused to extend the time in which to make and serve the case-made (which is brought before us by bill of exceptions) the appeal is by transcript.

1.  Plaintiff first contends that the court erred in overruling its demurrer to defendant's answer. A determination of this question requires an examination of the pleadings. Plaintiff, by its petition, alleged that pursuant to the contract of guaranty it had furnished merchandise to Bebout on various dates between August 23, 1940, and January 7, 1941, of the total value of $829.37. Of this amount, merchandise of the value of $365.06 was furnished to Bebout prior to November 8, 1940, and the balance thereafter. By answer, defendant alleged (among other defenses) that on November 8, 1940, he requested of plaintiff in writing that he be released from the contract and that plaintiff ship no further merchandise to Bebout, but that plaintiff ignored the request. He further alleged that shortly after February 14, 1941, pursuant to authority from plaintiff, he boxed mer-

chandise remaining in the hands of Bebout of the wholesale price of $537.66 and returned it to plaintiff, but that plaintiff credited Bebout's account with only $371.13 therefor. Since the contract sued on provided that it might be terminated at any time by either party upon written notice, and since it is the general rule that a guaranty of this kind may be revoked at any time by the guarantor, so far as future transactions are concerned (15 O. S. 1941 §337; Central Surety & Insurance Corporation v. Richardson, 183 Okla. 38, 80 P. 2d 663, 118 A.L.R. 1252), it is clear that the answer stated a good defense to that part of the account arising after November 8, 1940, the date of the revocation. It is plaintiff's position, however, that the answer did not state a good defense to defendant's liability for merchandise shipped prior to November 8, 1940, because it was not alleged that plaintiff was directed to apply the credit to that part of the account arising after November 8, 1940, for which defendant was not liable.

The question, however, is not whether the answer stated a good defense, but whether the defects therein were amendable. It must be remembered that the judgment herein was based on a general verdict of the jury and that the evidence is not before us. Defects in pleadings may be cured by proof supplied at the trial without objection. Van Horn v. Van Horn, 193 Okla. 182, 141 P. 2d 1006. And a general verdict includes a finding of every material issuable fact in favor of the prevailing party. Van Horn v. Van Horn, above. Since an appeal by transcript does not bring up for review errors alleged to have occurred at the trial (12 O.S.A. 1941 §956, note 17), the rule is that where the appeal is by transcript, a judgment will not be reversed because of amendable defects in the pleadings, but it will be presumed that there was sufficient competent evidence to sustain the verdict and that proof of the matters omitted in the pleadings was supplied at the trial without objection.

Van Horn v. Van Horn, above. The omission to state that plaintiff was directed to apply the credit for the returned merchandise to that part of the account arising prior to November 8, 1940, was an amendable defect, for such an allegation would only strengthen, not change, the defense pleaded. See 12 O.S. 1941 §317.

It follows that we must presume that defendant offered proof at the trial that plaintiff was given such directions as to application of the credit at the time of the return of the merchandise, and that the jury so found.

2. Plaintiff next urges that the court erred in giving and refusing certain instructions. These instructions are not contained in the bill of exceptions, but are copied into the transcript of the record. Instructions are not part of the record proper and do not become so by being copied into the transcript. Sanderson v. Caldwell, 188 Okla. 450, 110 P. 2d 608. Alleged errors in giving or refusing instructions may not be reviewed where the appeal is by transcript. To present such errors the instructions must be incorporated in the record by bill of exceptions or case-made. Sanderson v Caldwell, above. Consequently, the alleged errors are not before us.

3. Plaintiff finally urges that it made a sufficient showing of accident or misfortune, under 12 O.S. 1941 §962, to entitle it to an extension of time to prepare the case-made after the expiration of a previous extension, and that the court erred in denying its application therefor. The record discloses that at the time of overruling the motion for a new trial the court granted plaintiff an extension of 60 days for this purpose. The 60 days expired January 21, 1945. More than three months later, the plaintiff filed the application for a further extension of time, above referred to. The facts asserted to constitute accident or misfortune within the meaning of the statute are that the

chief counsel for plaintiff lived in a distant state; that on October 6, 1944, and again on December 5, 1944, plaintiff's local counsel wrote to the chief counsel advising him of the outcome of the trial and asking whether plaintiff desired to appeal; that because of the pressure of business created by the war then in progress, and the lack of sufficient assistance, these letters were overlooked or misplaced by the chief counsel and authority to appeal was not given the local counsel until after the expiration of the previous 60-day extension. We are of the opinion that the court correctly overruled the application. The facts stated constitute mere inadvertence or oversight. They do not constitute "accident or misfortune which could not have been reasonably avoided", within the meaning of 12 O.S. 1941 §962. Pure Oil Company v. Quarles, 183 Okla. 418, 82 P. 2d 970.

The result we have reached makes discussion of the other errors argued unnecessary.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, and BAYLESS, JJ., concur.