BALTIMORE AMERICAN INS. CO. v. HOOVER et al.

No. 34713. Jan. 29, 1952.

*240 P. 2d 744.*

Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

Clausen, Hirsh & Miller, Chicago, Ill., and Hal Johnson and Robert D. Crowe, Oklahoma City, for defendant in error.

JOHNSON, J. J. V. Hoover, as plaintiff, filed his petition in the court of common pleas of Oklahoma county, Oklahoma, on the 31st day of August, 1949, against the Milwaukee Mechanics Insurance Company and the Baltimore American Insurance Company, referred to herein as the Milwaukee Company and the Baltimore Company, respectively.

Plaintiff's petition was, in substance, that he had one of the Milwaukee Company's policies insuring him against loss or damage to his Lincoln automobile caused by collision or upset to the actual amount of the loss or damage less $50; that on March 14, 1947, while his policy was in full force and effect, he sustained damage to his car in the sum of $985 by collision and upset; that the Milwaukee Company admits liability only for one-half of the loss because the Baltimore Company, on February 17, 1947, issued its policy numbered S. A.-3542 on plaintiff's automobile insuring it against loss or damage by loss or upset; that the Baltimore Company issued said policy on the application of Selective Investment Corporation, who, at the time, held a mortgage on plaintiff's automobile; that subsequent to the loss or damage to the car plaintiff paid the mortgage and therefore the mortgagee no longer had any interest in said car or the proceeds from the recovery of loss or damage; that plaintiff duly fulfilled all conditions of said insurance on his part; that no part of said loss had been paid; that plaintiff have judgment against both defendants and a determination of the liability of the defendants on their respective policies.

The Milwaukee Company answered, admitting the allegations of the plaintiff's petition, and in paragraph 2 thereof said:

"For further answer and defense, said defendant adopts all the allegations contained in numerical paragraph 6 of plaintiff's petition as part of its defense, and re-alleges said allegations as part of its answer, as if said paragraph were set out herein."

Paragraph 6 of plaintiff's petition provides:

"The defendant, Milwaukee Mechanics' Insurance Company, admit that it is liable to the extent of one-half of said loss, but deny liability for the remaining one-half of said loss on the grounds and for the reason that the defendant, Baltimore American Insurance Company, on February 17, 1947, issued its policy numbered S. A. -3542, insuring plaintiff's said Lincoln automobile from loss or damage by collision or upset. This plaintiff is informed and therefore states that said policy issued by the Baltimore American Insurance Company was issued on the application of the Selective Investment Corporation who at said time held a mortgage on said Lincoln automobile. That subsequent to the loss herein set forth, plaintiff paid said mortgage and the Selective Investment Corporation has no interest in said automobile or the proceeds from the recovery on said loss. That this plaintiff does not have the policy or a copy of same. That defendant, Baltimore American Insurance Company, be required to attach a copy of said policy to its answer and be required to state the date of cancellation, if any cancellation was made."

For further answer, in paragraph 3 it is alleged:

"For further answer and defense, said defendant avers that under the

terms and conditions of its policy marked Exhibit 'A' and attached to plaintiff's petition, if the plaintiff has other insurance against a loss covenant by the policy, this defendant shall not be liable under the policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

"Wherefore, the defendant, Milwaukee Mechanics' Insurance Company, a corporation, having fully answered plaintiff's petition filed herein, prays that said plaintiff recover no larger judgment against it than the liability shown under its and the codefendant's policy."

Thereafter the Baltimore Company filed its answer which in part reads:

"Said defendant denies generally and specifically, each, every and all the material allegations in said petition contained, except such as are hereinafter admitted.

"Said defendant admits the allegations contained in paragraphs 1, 2 and 3 of said petition.

"Said defendant admits that plaintiff secured from defendant Milwaukee Mechanics' Insurance Company a policy of insurance on said automobile; that he paid to said Milwaukee Mechanics' Insurance Company premium in the amount of $108; and that the copy of policy attached to plaintiff's petition as 'Exhibit A' is a true and correct copy of the same.

"Defendant admits that plaintiff's property insured by the policy referred to above was damaged as alleged by plaintiff, and that said loss was within the terms of the policy referred to above.

"Said defendant specifically denies that it entered into any contract of insurance with said plaintiff.

"Said defendant admits that Selective Investment Corporation, mortgagee, has no interest in said automobile or the proceeds from recovery on loss of same.

"Wherefore, having fully answered, said defendant prays that it be discharged from any and all liability to plaintiff; and that, if plaintiff be entitled to recovery on his loss, as alleged, same be adjudged against defendant Milwaukee Mechanics' Insurance Company, under its policy of insurance on said property."

To which plaintiff filed the following reply, omitting the formal portions:

"Comes now the plaintiff, J. V. Hoover, and for reply to the answers of the defendants herein, denies each and every allegations therein contained in consistent with the allegations of plaintiff's petition."

The Baltimore Company then filed a motion for judgment upon the pleadings which was overruled with exceptions.

By agreement a jury was waived and cause tried to the court.

A demurrer was filed by Baltimore Company to the evidence adduced against it which was overruled. Thereupon the court rendered a judgment against each company for the full amount asked for in plaintiff's petition. The Baltimore Company filed a motion for a new trial which was overruled resulting in this appeal.

There is no question as to the amount of the damage plaintiff was entitled to recover.

The Baltimore Company contends that the main question presented by this appeal is whether or not the motion for judgment on the pleadings filed by it should have been sustained. Asserting that if plaintiff failed to state a cause of action against it, or if the answer of the Milwaukee Company failed to state a legal defense to plaintiff's petition, then the trial court erred in failing to render judgment on the pleadings in favor of the plaintiff against the Milwaukee Company.

This court has announced the rule that judgments on the pleadings are not looked upon with favor. Carignano v. Box, 97 Okla. 184, 223 P. 673.

In the case at bar, Baltimore Company's answer denied the allegations of

paragraph 6 of plaintiff's petition, which alleged that Baltimore Company issued its policy insuring plaintiff's Lincoln automobile. In paragraph 5 of its answer it denied that it had entered into any contract with the plaintiff. Plaintiff's reply denied this allegation. Milwaukee Company's answer adopted paragraph 6 of plaintiff's petition. Thus, under the pleadings, there was a material issue of fact. Where pleadings in a case raise questions or issues of fact, judgment cannot be rendered on pleadings. The question always to be decided in such a case is whether, under the pleadings, there is any issue of fact to be tried. Whipps v. Kling Bros. & Co., 182 Okla. 382, 78 P. 2d 291.

This appeal is by transcript and none of the evidence is before us, and though Baltimore Company did not attach to its answer a copy of the policy allegedly issued by it covering plaintiff's automobile and denied there was such, yet we must presume that the judgment was responsive to the evidence introduced and that the pleadings were treated by the parties as amended to conform both to the evidence and the judgment. Raymer v. First Nat. Bank of Berwyn, 184 Okla. 392, 87 P. 2d 1097; J. R. Watkins Co. v. Chapman, 197 Okla. 466, 172 P. 2d 768; and such finding and judgment by the trial court, where a jury is waived, has the force and effect of a jury verdict as to the facts. Lowe v. Hickory, 176 Okla. 426, 55 P. 2d 769.

It is next contended by Baltimore Company (1) that the judgment is erroneous on its face because it was not liable; (2) that the judgment as entered by the trial court would enable the plaintiff to collect double the amount of the loss and that the judgment as to it must be reversed; and (3) that, in no event, could either company's liability exceed its pro rata share of the loss.

It is contended by the Milwaukee Company that from the pleadings it is clearly indicated that each company is liable only for one-half the total loss.

Under the rule stated above that an appeal by transcript which does not include the evidence, the presumption is that the judgment is responsive to the evidence, the presumption is that the judgment is responsive to the evidence introduced and that the pleadings were treated by the parties as amended to conform both to the evidence and the judgment, Baltimore Company's contention (1) is without merit.

Obviously, from the pleadings, the plaintiff's Lincoln automobile was insured by the Milwaukee Company and Baltimore Company by successive policies, covering the same subject, risk and interest, and from the record no priority of insurance appears to have been provided for; therefore, both companies are insurers and liable pro-rata. Newark Fire Ins. Co. v. Turk, 6 Fed. 2d 533.

The judgment is reversed and remanded, with directions that judgment be entered against each of the companies in accord with the views herein expressed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON, J., dissents.