The **WELFARE FEDERATION ACT COMMITTEE OF 1000, a Corporation,** Plaintiff In Error,

v.

Ruby **RICHARDSON (Tinsley),** Defendant In Error.

No. 36360.

Supreme Court of Oklahoma.

March 1, 1955.

Rehearing Denied March 29, 1955.

Charles Hill Johns, Oklahoma City, for plaintiff in error.

Earl E. James, George Miller, Sr., Oklahoma City, for defendant in error.

CORN, Justice.

Consideration of the question herein presented requires no extended statement of matters disclosed by the transcript. The appeal results from a judgment rendered in plaintiff's favor in an action brought to recover back wages, liquidated damages and attorneys' fees, allegedly due by reason of defendant's violation of the minimum wage requirements of the Fair Labor Standards Act of 1938, amended 1949, 29 U.S.C.A. § 201 et seq. The decision in this case will be dispositive of three related cases consolidated for briefing and presentation in this court.

The case was tried upon the amended petition wherein defendant corporation was made an additional party defendant by appropriate order. Plaintiff alleged defendant, Ora J. Fox, conducted numerous activities, including publication and mailing of "The Welfare News", and mailing of letters of solicitation throughout Oklahoma and neighboring states, for the ostensible purpose of disseminating news and collecting funds to promote a pension movement for the benefit of aged persons; operations were carried on under various names, i. e., "The Welfare Federation", "The Welfare Federation, Inc.", and "The Welfare News", although defendant, Ora J. Fox, actually was the executive officer and in control of each organization; employees were carried on the books kept in the name of "Welfare Federation, Inc.", whereas the only valid corporation relating to activities and publication of paper by Fox was the

corporate defendant; in the course of business Fox mailed magazines, papers and letters soliciting contributions both in Oklahoma and other states, and in response thereto received contributions by mail, all of which were turned over to Fox without plaintiff knowing where such contributions were used or applied; by mailing such letters and publications outside this state Fox was engaged in interstate commerce; the principal portion of plaintiff's wages were paid in cash, based upon a 50 cent hourly rate for her services, whereas the law required a minimum wage of 75 cents per hour. Plaintiff asked judgment for $272.18 back wages, an equal amount as liquidated damages and $250 attorneys' fees.

After the corporation was made a party both defendants moved to make the amended petition more definite and certain. Thereafter defendants abandoned such motion and filed answer specifically denying all allegations, and particularly that either was engaged in interstate commerce, or that plaintiff had rendered services of any character entitling her to benefits of the Fair Labor Standards Act. Plaintiff replied by general and specific denial of the answer and upon these issues the case was set for trial.

The case was stricken from the trial docket numerous times, but eventually the matter was tried to the court without a jury. At the close of all the evidence defendants renewed their demurrers to plaintiff's evidence, which previously had been overruled, and moved for judgment upon the grounds of insufficiency of the evidence. The trial court sustained the demurrer and motion and dismissed the action as to the defendant Fox. The trial court overruled the corporation's motion, permitted amendment of plaintiff's petition to conform to the proof, establishing the exact amount of her claim based upon time worked, and fixed her recovery at $758.50, and attorneys' fees at $200.00, and rendered judgment against the corporate defendant.

After motion for new trial had been overruled defendant gave notice of appeal, and the court granted time within which to make and serve casemade and for execution of supersedeas bond. The time granted was allowed to expire without defendant either perfecting the appeal or superseding the judgment.

October 10, 1953, writ of execution was issued under this judgment and the sheriff levied upon real property belonging to the judgment debtor. The levy of execution was in behalf of this plaintiff, and three other judgment creditors as noted heretofore whose claims arose in the same manner as that of plaintiff, and against whom separate appeals have been lodged.

Defendant moved to quash, vacate and recall the execution, and upon denial of such motion defendant gave notice of appeal. Stay of execution was granted pending appeal, conditioned upon defendant executing supersedeas bond in double the amount of the judgment. The appeal from the trial court's order is by transcript. None of the evidence adduced at the trial upon the merits is before this Court on appeal.

In seeking reversal of the trial court's order denying the motion to vacate the execution defendant argues the single proposition that examination of the judgment roll discloses the judgment rendered against the corporate defendant is void upon its face. The entire argument may be summarized in the following manner. The petition in a case is a part of the judgment roll. Inspection of the judgment roll herein reveals that the petition failed to allege that plaintiff was employed by the defendant corporation, or that defendant was engaged in interstate commerce. Thus the judgment entered was void as being outside the issues, upon a matter not submitted to the court for determination, and subject to being vacated at any time. See Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okl. 242, 162 P. 451, L.R.A.1917D, 1029; Pettis v. Johnston, 78 Okl. 277, 190 P. 681. While recognizing that the substance of defendant's argument has been stated as the law in this jurisdiction innumerable times, such argument is inapplicable to the present situation.

Neither do we deem it necessary to consider at length the arguments offered in support of the trial court's order, since

proper disposition of this appeal rests entirely upon an established principal of law unremittingly adhered to since territorial days. This principle is that where appeal to this court is by transcript and none of the evidence is before us, the judgment rendered must be presumed to have been responsive to the evidence introduced, and the pleadings treated as having been amended to conform to both the evidence and judgment. See Mulhall v. Mulhall, 3 Okl. 304, 41 P. 109; Raymer v. First Nat. Bank of Berwyn, 184 Okl. 392, 87 P.2d 1097, and cases therein cited; Baltimore American Ins. Co. v. Hoover, 205 Okl. 697, 240 P.2d 744.

■ In McDougal v. Rice, 79 Okl. 303, 193 P. 415 it is pointed out that any attempt to evade, avoid or deny the force and effect of a judgment in some incidental proceeding not provided by law for the express purpose of striking at the judgment constitutes a "collateral attack." Paragraph 2 of the syllabus of that case states:

"The district courts of this state are courts of general jurisdiction, and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment, and where the court is one having power to grant the relief sought, and having the parties before it, the fact that the petition defectively states a cause of action, or fails to state it, does not make the judgment void on collateral attack; there being no connection between jurisdiction and sufficient allegations."

■ Nothing would be gained by further analysis and discussion of the rule. Whatever defects might have been said to exist in plaintiff's petition, we must conclusively presume the pleadings were treated as amended to conform to the evidence and the judgment, which was responsive to the evidence introduced. The lack of merit in the argument that the trial court's judgment was void upon its face is apparent.

One other matter invites attention herein. In her petition plaintiff asked judgment for a reasonable attorneys' fee of $250. The trial court entered judgment allowing the sum of $200, as a reasonable fee. Plaintiff calls attention to the fact that the additional work entailed in withstanding defendant's efforts to defeat the judgment consumed more time and greater effort than were involved in actual trial of the case, and asks this court to set a total fee for handling the four cases upon appeal.

Following filing of plaintiff's case, and the other cases mentioned (August 15, 1951), the attorneys devoted considerable time to these matters prior to rendition of the trial court's judgment on March 30, 1953. Thereafter the attorneys were occupied with procedure required to levy execution upon defendant's property, such levy being made October 26, 1953. Subsequently these attorneys necessarily devoted further time and effort to resisting defendant's efforts to avoid the effect of the judgment. The demands upon their time and services terminated only upon November 4, 1954, when the answer brief was filed in behalf of their clients. Undoubtedly the promulgation of these decisions will require resumption of their efforts.

The question as to allowance of attorneys' fees under this act, 29 U.S.C.A. § 216(b), should be considered in light of services performed, and the time spent and character of effort required, and amount of recovery is of importance. See Asselta v. 149 Madison Ave. Corp., D.C.N.Y.1951, 95 F. Supp. 856; Dumas v. King, 8 Cir., 1946, 157 F.2d 463. And, where the trial court's allowance of $250.00 fee for services was not so clearly insufficient as to be unjust, allowance was increased by $250.00, for services on appeal, where allowances did not cover services beyond trial court. Dumas v. King, supra. See also Maddrix v. Dize, 4 Cir., 1946, 155 F.2d 1019, allowing fee of $700 after appeal, wherein plaintiff had judgment for $1,052 as overtime compensation and liquidated damages.

■ It seems clear the fee allowance made herein did not evaluate the attorneys' services beyond the trial court. Viewed in the light of the time and effort exerted in establishing plaintiff's rights, and in sustaining those rights on appeal, it appears the attorneys should be entitled to additional

432

compensation for their services. We are of the opinion an additional allowance in the four cases of $425.00 for services required by this appeal will be adequate compensation under the circumstances.

Judgment affirmed.

Execution of supersedeas bond having been noted herein judgment accordingly is rendered thereon as prayed for by plaintiff.

JOHNSON, C. J., WILLIAMS, V. C. J., and ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.