Linda Sue MELLENBERGER, Appellee,

v.

Melba Dean SWEENEY, Appellee,

and

Shelter Insurance Company,
Intervenor, Appellant.

No. 70833.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 16, 1990.

Kevin L. Ward, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, for appellant.

Norman Gilder, Gilder & Gilder, Inc., Tulsa, for appellee Mellenberger.

James K. Secrest, II, Secrest & Hill, Tulsa, for appellee Sweeney.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant seeks review of the Trial Court's order granting judgment to Appellees on Appellant's motion to settle journal entry. Appellee Mellenberger (Mellenberger) filed suit against Appellee Sweeney (Sweeney) for recovery of damages sustained in an automobile accident. Appellant Shelter Insurance Company (Shelter), Appellee Mellenberger's uninsured/underinsured (UM) insurance carrier, intervened in the action as a party-defendant. The jury returned a verdict for Appellee Mellenberger against Appellee Sweeney in the sum of $12,500. The Trial Court entered the judgment on the jury verdict "in the

principal sum of $12,500, with interest accrued and accruing, and ... costs."

Mellenberger then filed her "Motion to Correct Journal Entry/Motion to Settle Journal Entry" to reflect pre-judgment interest as an element of the judgment. Sweeney responded, admitting Mellenberger's entitlement to pre-judgment interest, and asserting that liability over and above her own $10,000 liability insurance policy limit should be borne by Shelter, Mellenberger's UM carrier. Shelter responded, denying liability for pre-judgment interest, and asserting that the liability insurance policy covering Sweeney, issued by State Farm Mutual Automobile Insurance Company (not a named party in this appeal), expressly covered judgment related interest. However, Shelter did not introduce a copy of State Farm's policy into evidence, and we find none in the record on appeal.

The Trial Court granted Mellenberger's Motion to Correct/Settle Journal Entry "to reflect a judgment amount of $14,784.40, this amount being the verdict rendered by the jury in the amount of $12,500.00, plus pre-judgment interest of $2,284.70." Thereby, the Trial Court ordered Sweeney's insurance carrier, State Farm to pay its $10,000 limit of liability plus costs, and directed Shelter, as Mellenberger's UM carrier, to pay the balance of judgment, $4,484.70. Shelter paid $2,500, the difference between State Farm's limit of liability and the actual jury verdict, but refused to pay the remainder representing pre-judgment interest on the entire verdict, and brought the instant appeal.

Herein, Shelter asserts that (1) Shelter has no liability for interest on judgments until Shelter's liability under the UM provision of its policy is determined, and (2) State Farm, Sweeney's liability insurer, is liable for interest under the express terms of State Farm's policy covering Sweeney. Sweeney and Mellenberger both assert that Shelter, as Mellenberger's UM carrier, is liable for the entire "judgment," including both the verdict amount and pre-judgment interest, insofar as the "judgment" amount exceeds State Farm's limit of liability. Mellenberger also asserts Shelter's appeal is patently frivolous and without merit, praying for an award of appellate attorney's fees. This application is denied.

As we do not have Sweeney's State Farm Insurance policy before us in the record, we are unable to determine whether, in fact, as Shelter alleges, that Sweeney's insurance carrier is contractually liable for interest. Shelter's recitation of the purported provisions of State Farm's policy will not suffice. See, *Chamberlin v. Chamberlin*, 720 P.2d 721, 723–724 (Okl. 1986); *Eckel v. Adair*, 698 P.2d 921, 925 (Okl.1984). We must therefore turn to extant Oklahoma statutory and case law for resolution of the issue.

We initially find several statutory provisions prescribing the extent of liability of insurers to their insureds. With regard to motor vehicle liability insurance coverage, Title Forty-seven of the Oklahoma statutes imposes the obligation on all owners of motor vehicles registered in this state to maintain liability insurance coverage on their vehicles as "security for the payment of loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance or use of the vehicle." 47 O.S.1981 § 7–601. As to the extent of the mandatory liability coverage:

(b) Owner's policy. [An] owner's policy of liability insurance:

1. Shall designate ... all vehicles with respect to which coverage is thereby to be granted; and

2. Shall insure the person named therein, ..., as insured, ... against loss from the liability imposed by law for *damages* arising out of the ownership, maintenance or use of [the described] vehicle or vehicles ..., subject to limits *exclusive of interest and costs*, as follows: Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of one person in any one accident....

. . . . .

(d) Operator's policy. [An] operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed

upon him by law for *damages* arising out of the use by him of any motor vehicle not owned by him ... subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance.

47 O.S.1981 § 7–324. (Emphasis added.) And with regard to liability under the uninsured/underinsured provisions of an insurance policy:

> B. The policy [of uninsured motorist insurance] shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover *damages* from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death therefrom.

36 O.S.1981 § 3636(B).

As to interest accruing on awards of damages, we find at least two statutory provisions relevant hereto:

> A. All judgments of courts of record shall bear interest at a rate prescribed pursuant to [12 O.S. § 727(B)] ..., provided that:
>
> 1. ...; or
>
> 2. When a verdict for damages by reason of personal injuries ... is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at a rate prescribed pursuant to [12 O.S. § 727(B)] from the date the suit was commenced to the date of verdict,....

12 O.S.Supp.1986 § 727(A).

> The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.

23 O.S.1981 § 22.

Section 22 has been construed as establishing "that where the obligation is to pay money, and that obligation is fixed, and the only thing to determined is the amount, interest will attach from the time the obligation arises." *Nunn v. Stewart,* 756 P.2d 6 (Okl.1988).

■ As pointed out by all parties, the issue of whether a UM carrier may be held liable for pre-judgment interest has been previously addressed by the Court. *Nunn v. Stewart,* 756 P.2d 6. Shelter cites a portion of that opinion as standing for the proposition that, as UM carrier, Shelter is not liable for interest until Shelter's liability is fixed by the Court. However, Shelter does not fully quote the entire passage, which appears contrary to Shelter's position, to wit:

> ... The Court of Appeals, in regard to the question of the date from which interest should be due on the sums payable under the uninsured [and underinsured] motorist provisions of the policies covering [the insured], ... correctly stated that the obligation to pay under the uninsured [and underinsured] motorist provisions did not arise until the liability of the uninsured [or underinsured] motorist was fixed. *The Court of Appeals then incorrectly held that this liability did not become fixed until judgment was rendered by the Trial Court.*

*Nunn,* 756 P.2d at 7. (Emphasis added.) The Supreme Court then went on to reason that because the UM carrier had confessed liability prior to judgment, pre-judgment interest should be granted from and after the date of confession of judgment. We therefore read *Nunn* as standing for proposition that, depending on the circumstances, a UM carrier *may be held liable* for interest accruing previous to entry of judgment. However, as we find no confession of liability by Shelter previous to entry of judgment herein, we do not find *Nunn* determinative.

■ In that regard, we find that "pre-judgment interest *is properly an item of damages* included in the judgment to compensate a plaintiff for having waited for that which he is legally entitled." *Bossert v. Douglas,* 557 P.2d 1164, 1168 (Okl.1976). As elsewhere noted, "[P]ost-judgment interest [provided under 12 O.S. § 727] is to be applied to the judgment entered by the court in a personal injury action, and that the judgment thus entered consists of the sum of the verdict award, *plus pre-judg-*

*ment interest calculated thereon." Walker v. St. Louis–San Francisco Ry. Co.,* 671 P.2d 672, 674 (Okl.1983).

 Under this rationale and the other authority herein, it appears that UM insurers are, in fact, liable for pre-judgment interest. Clearly, and as we read the statutes, the primary liability insurer of a motor vehicle is liable for payment of so much "damages" for which the insured is determined to be liable in an amount up to and including its limit of liability under the insured's mandatory liability insurance policy, which amount shall not be reduced by "interest and costs." 47 O.S. § 7–324. Further, a UM carrier, is liable for any excess "damages" left unpaid after exhaustion of the primary insurer's liability limits, not to exceed the UM carrier's limits of liability. 36 O.S. § 3636(B). Therefore, because Oklahoma case law treats pre-judgment interest as an element of "damages," we hold that UM insurers are statutorily liable for pre-judgment interest.

 However, it is also evident that (1) a UM carrier's liability for pre-judgment interest under 23 O.S. § 22 is determined by reference to "the amount due by the terms of the obligation," i.e., the UM provisions of its insurance policy covering the insured, but (2) the amount of the UM carrier's "obligation to pay" under § 22 cannot be accurately established until the amount of damages is confessed or determined by the Trial Court. *Nunn,* 756 P.2d at 7–8. Therefore, and under the circumstances of this particular case, we further hold that because Shelter, as UM carrier, is contractually obligated to pay damages, Shelter is also liable under 23 O.S. § 22 and 12 O.S. § 727 for pre-judgment interest, but only that part of pre-judgment interest attributable to non-payment of its obligation, i.e., pre-judgment interest on damages payable by Shelter under the UM provisions of the

insured's policy.[1] See also, *Baltimore American Ins. Co. v. Hoover,* 205 Okl. 697, 240 P.2d 744, 746 (1952) (co-insurers liable pro rata for damages sustained to insured vehicle where co-insurers' policies established no priority of payment.)

The order of the Trial Court assessing all pre-judgment interest against Appellant Shelter is therefore REVERSED and the cause REMANDED for a pro rata allocation of pre-judgment interest not inconsistent herewith.

GARRETT, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge, dissenting:

23 O.S.1981 § 22 provides for an award of interest on an obligation to pay money only when that obligation is breached. Inherent in this statute is the element of "breach". There can be no *breach* of an obligation to pay money until there is an *obligation* to pay money. The majority holds *Nunn v. Stewart* is inapplicable to this case. I agree. Additionally it is my view that § 22 is also inapplicable to Shelter's liability, in that Shelter had no obligation to pay money to Plaintiff until it was determined that the defendant, Sweeney, was responsible for the accident and thus liable for the damages sustained by Plaintiff. That liability arose at time of judgment, not before. Thus no pre-judgment interest is involved.

Herein the jury returned a verdict for Plaintiff for $12,500.00. Under 12 O.S. 1986 Supp. § 727(A), the trial court properly added interest from the date the suit was commenced to the date of verdict for a total of $14,784.40. Defendant Sweeney is therefore accountable to Plaintiff for that amount. Pursuant to this liability, Sweeney's carrier, State Farm, is responsible for

---

1. We recognize that any decision we make in the instant case necessarily affects Sweeney's primary liability insurance carrier, and consequently, Mellenberger's source of recovery for at least a portion of pre-judgment interest as a valid element of her damages. However, Sweeney's primary liability carrier is not a party to this appeal, and the issue of liability for pre-

judgment interest of Sweeney's insurer is not properly before us in this appeal. That part of the Trial Court's order holding Sweeney's insurer liable for damages only in an amount equal to the insurer's apparent limit of liability was not appealed, has become final, and is beyond the scope of this review proceeding.

paying that portion of the $14,784.40 covered by its policy. The balance is owed by Shelter.

The trial court ordered State Farm to pay $10,000.00, its policy liability limits, plus costs and post-judgment interest. It did not order it to pay any of the pre-judgment interest. Although State Farm's policy is not included in the record, the parties agree that the standard State Farm policy provided for payment of interest on the $10,000.00. Apparently the trial court interpreted State Farm's policy not to cover pre-judgment interest on that amount.

The pre-judgment interest added to the $10,000.00 judgment is just one element of the loss sustained by Plaintiff. As stated by the majority, pre-judgment interest is properly an item of damages included in the judgment. *Bossert v. Douglas,* 557 P.2d 1164 (Okla.1976). Shelter's obligation to pay damages is for the loss over and above State Farm's obligation. It is immaterial whether this loss arises from pre-judgment interest or otherwise.

Shelter is accountable for paying the damages owned by Sweeney over and above that which State Farm is obligated to pay under its policy. The trial court found that amount to be $4,484.70. Without either policy before this Court, I cannot agree the trial court erred. I would affirm.