2009 OK CIV APP 93

**Charles E. GREGG, Individually, Plaintiff/Appellant**

v.

**LE MARS INSURANCE COMPANY, Defendant/Appellee.**

No. 106,379.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 6, 2009.

---

1. We note that this rule has been adopted by almost every state and federal jurisdiction that has considered the issue.

Greg A. Farrar, Farrar & Farrar, Tulsa, OK, for Plaintiff/Appellant.

Tom E. Mullen, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Defendant/Appellee.

JERRY L. GOODMAN, Judge.

¶ 1 Insured Charles E. Gregg appeals the trial court's September 12, 2008, order awarding him pre-judgment interest. He contends the trial court erred in calculating the amount of interest due him. The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(a)(1), 12 O.S.2001 and Supp.2003, ch. 15, app. 1. We hold Insured was entitled to prejudgment interest on his claim for uninsured/underinsured benefits and that interest began to accrue when the insurance carrier's liability was established. Under these facts and the applicable law, the date the carrier's liability became fixed was the date Le Mars Insurance Company (Le Mars) agreed to make payment of $80,000.00. Both parties had agreed the claim to Le Mars was worth at least $80,000.00. The parties further agreed they would submit the issue of whether the claim was worth more than $80,000.00 to arbitration, which resulted in an additional award to Insured of $65,000.00. The trial court's order is affirmed in part, reversed in part, and remanded with directions.

## FACTS

¶ 2 Insured was injured in an automobile accident on August 15, 2004. He collected the policy limit of $20,000.00 from the tortfeasor's liability insurance policy and collected the Uninsured/Underinsured Motorist (UM/UIM) limit of $100,000.00 from his personal UM/UIM policy. He then made a claim against Le Mars's UM/UIM policy for an additional $300,000.00 in coverage.[1]

¶ 3 In a December 6, 2005, letter from Le Mars to Insured's attorney, Le Mars tendered the limits of its medical payment coverage to Insured, and stated, "Also as we discussed, the Le Mars Insurance Company has agreed to waive its right of subrogation."

¶ 4 Le Mars investigated and determined Insured's total damages were between $160,000.00 and $200,000.00, inclusive of interest and costs. In a letter dated October 18, 2006, Le Mars acknowledged and rejected offers of $25,000.00 and $80,000.00 to resolve Le Mars's liability on the UM/UIM claim. The record indicates Le Mars mailed $80,000.00 to Insured on November 1, 2006,

---

1. Insured was acting in his capacity as State Commander for the Oklahoma American Legion when injured. Le Mars provided liability and UM/UIM coverage through a corporate policy issued to the American Legion Department of Oklahoma.

and the payment was received by Insured on November 3, 2006.

¶5 As the parties were unable to reach an agreement regarding the total damages, they agreed to submit the issue of damages in excess of $80,000.00 to arbitration. The arbitrators found Insured's damages totaled $265,000.00. Giving credit for $120,000.00 already paid by other carriers and $80,000.00 previously paid by Le Mars, $65,000.00 remained in unpaid damages.

¶6 On March 29, 2007, a partial release was executed by Insured in favor of Le Mars. The release acknowledged prior receipt of $80,000.00 from Le Mars, and an additional $65,000.00 received for the arbitration award tendered with the release. Insured released all claims against Le Mars except for pre- and post-judgment interest. The release states:

"While Le Mars Insurance Company asserts that pre-judgment interest under these facts is not allowed; Le Mars Insurance Company recognizes and agrees that Charles Gregg is entitled to assert and litigate his claim for pre-judgment and post-judgment interest and costs of that action only."

¶7 Insured demanded post-judgment interest on the arbitration award from December 6, 2005, the date Le Mars waived its subrogation rights. Le Mars refused to pay interest and Insured filed suit on April 5, 2007. Insured requested the trial court confirm the arbitration award of $65,000.00 and sought a declaratory judgment regarding the interest calculation.

¶8 Insured filed a motion for summary judgment on October 5, 2007. The trial court, in an order filed September 12, 2008, approved the arbitration award entered on January 23, 2007; entered a judgment against Le Mars for $65,000.00; noted that the amount had been paid by Le Mars on March 22, 2007;[2] found Insured was entitled to pre-judgment interest from the date the liability of the tortfeasor was fixed until the judgment was paid on March 22, 2007;[3] and

found the date the liability of the tortfeasor was fixed was January 18, 2007, the date the Arbitration Statement was submitted. The trial court deemed the Arbitration Statement equivalent to a confession of liability by Le Mars. The trial court then calculated pre-judgment interest in the amount of $1,149.75 and awarded Insured costs in the amount of $244.00.

¶9 Insured appeals only the trial court's finding regarding the commencement of pre-judgment interest. Insured asserts the date the liability of the tortfeasor was fixed was December 6, 2005, which was the date Le Mars, as the UM/UIM carrier, waived its subrogation rights. Le Mars did not appeal the trial court's determination that pre-judgment interest was owed, but contends the trial court was correct that January 18, 2007, was the date liability was fixed and pre-judgment interest commenced.

## STANDARD OF REVIEW

¶10 Summary judgment is used to reach a final judgment where there is no dispute as to any material fact, and where one party is entitled to judgment as a matter of law. *See Indiana Nat'l Bank v. State Dep't of Human Servs.*, 1993 OK 101, ¶10, 857 P.2d 53, 59; *Sellers v. Okla. Pub. Co.*, 1984 OK 11, ¶23, 687 P.2d 116, 120. We review a grant of summary judgment *de novo*. *Young v. Macy*, 2001 OK 4, ¶9, 21 P.3d 44, 47. In a *de novo* review, we have plenary, independent, and non-deferential authority to determine whether the trial court erred in its application of the law. *Id.*

## ANALYSIS

■ ¶11 Both Le Mars's UM/UIM policy and Oklahoma's uninsured/underinsured motorist coverage laws require an insurer to pay "all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle." *See* 36 O.S.2001 and Supp.2004, § 3636(B). It is undisputed by the parties

---

**2.** The record indicates payment of the arbitration award was tendered with the release, which is dated March 29, 2007.

**3.** See footnote 4.

that Insured is legally entitled to recover damages from Le Mars.

¶ 12 The parties further agree for purposes of this appeal that Insured is entitled to pre-judgment interest pursuant to 12 O.S. 2001, § 727.1.[4] There is no issue regarding whether additional interest will exceed policy limits.

¶ 13 The parties disagree, however, on when § 727.1 pre-judgment interest begins to accrue. Insured contends pre-judgment interest began to run on December 6, 2005, the date Le Mars waived its subrogation rights against the tortfeasor, thus implying acceptance of liability on its part. Le Mars, on the other hand, contends pre-judgment interest began to run on January 23, 2007, the date the arbitrators determined Insured's total damages. Le Mars contends the arbitrators' award was inclusive of all interest and costs.

¶ 14 As set out above, the trial court found the submission of the issue to the arbitrators was the equivalent of a confession of liability, and fixed January 18, 2007, as the date pre-judgment interest began to run.

¶ 15 The applicable case law is set out as follows. The Oklahoma Supreme Court in *Nunn v. Stewart*, 1988 OK 51, 756 P.2d 6, stated:

[ ]The Court of Appeals, in regard to the question of the date from which interest should be due on the sums payable under the uninsured motorist provisions of the policies covering appellant, properly stated that under 23 O.S.1981 § 22:

"The law in Oklahoma is that where the obligation is to pay money, and that obligation is fixed, and the only thing to be determined is the amount, interest will attach from the time the obligation arises." ...

The Court of Appeals then correctly stated that the obligation to pay under the uninsured motorist provisions did not arise *until the liability of the uninsured motorist was fixed.* The Court of Appeals then

incorrectly held that this liability did not become fixed until judgment was rendered by the trial court. A review of the record indicates that appellee confessed the liability of the uninsured motorist as of June 25, 1983. (Emphasis added).

*Id.* at ¶ 3, at 7.

¶ 16 In *Torres v. Kansas City Fire and Marine Insurance Company*, 1993 OK 32, 849 P.2d 407, the Oklahoma Supreme Court held the trial court correctly added pre-judgment interest to an award made pursuant to a UM/UIM insurance policy, measured from the date suit was filed until the date of the verdict. *Id.* at ¶ 1, at 408–09. The date of filing suit as marking the commencement of the interest period was again affirmed in *Carney v. State Farm Mutual Automobile Insurance Company*, 1994 OK 72, ¶ 3, 877 P.2d 1113, 1114.

¶ 17 In *Mellenberger v. Sweeney*, 1990 OK CIV APP 85, 800 P.2d 747, the Court of Civil Appeals held that interest began to run when "the amount of damages is confessed or determined by the Trial Court." *Id.* at ¶ 11, at 750.

█ ¶ 18 Pre-judgment interest begins to run on the date the liability of the uninsured motorist carrier is fixed. That date is the earlier of its admission of liability or the commencement of a suit against it. As no suit was filed, we hold pre-judgment interest began when Le Mars admitted liability. Le Mars admitted liability when it agreed to tender payment of $80,000.00 to Insured in a letter dated October 18, 2006. Le Mars made an additional payment of $65,000.00 on March 29, 2007, pursuant to Insured's arbitration award; however, that payment represented the additional disputed damages, liability for which Le Mars had previously confessed.

¶ 19 We reject Insured's argument that Le Mars confessed liability when it waived subrogation. The waiver of subrogation is required by 36 O.S.2001 and Supp.2004, § 3636(F) when the UM/UIM carrier elects

---

4. This Court recognizes that Le Mars' position at trial had been that no pre-judgment interest was owed at all. However, since Le Mars has not appealed the trial court's determination that pre-judgment interest was owed, that issue is not before us and is deemed confessed. Therefore, only the issue of when pre-judgment interest began to accrue is before us.

not to pursue an action against the tortfeasor. It is not an admission of liability; rather, it is a waiver of the right to sue the tortfeasor.

## CONCLUSION

¶ 20 The trial court's order finding Insured is entitled to pre-judgment interest is affirmed. The trial court's determination that pre-judgment interest began to run on January 18, 2007 is incorrect and is reversed. Le Mars confessed liability on October 18, 2006, when it agreed to tender $80,000.00 to Insured; that is the correct date for pre-judgment interest to begin accruing. This matter is remanded to the trial court with directions to recalculate the amount of pre-judgment interest owed consistent with this opinion and enter judgment accordingly.

¶ 21 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

WISEMAN, V.C.J., and BARNES, P.J., concur.