Betty WORTHAN, now Roe, Administratrix
of the Estate of Harry Wayne Worth-
an, Deceased, Appellee,

v.

The OHIO CASUALTY INSURANCE COM-
PANY, a Foreign Insurance Com-
pany, Appellant.

No. 46437.

Court of Appeals of Oklahoma,
Division No. 1.

June 4, 1974.

Rehearing Denied July 2, 1974.

Jack B. Sellers, Sapulpa, for appellee.

Sanders, McElroy & Carpenter, Tulsa, for appellant.

BOX, Presiding Judge:

An appeal by The Ohio Casualty Insurance Company, a foreign insurance company, garnishee in the trial court, from a judgment of the trial court against garnishee.

This appeal reaches this court on an agreed Stipulation of Facts, which is quite lengthy; in that the Journal Entry of Judgment of the trial court sets out the pertinent parts of same pertaining to the question to be answered, the Journal Entry of Judgment is hereby set out in its entirety.

"This cause came on for hearing on this 27th day of February, 1973, at which time the plaintiff appeared by her attorneys, Sellers & Woodson, by Jack B. Sellers, and the garnishee, The Ohio Casualty Insurance Company, appeared by its attorneys, Sanders, McElroy & Carpenter, by David H. Sanders, and the additional garnishees, David H. Sanders and Bert McElroy, appeared by their attorney, Streeter Speakman. The parties heretofore having entered into a written stipulation of facts together with exhibits attached thereto and did in open court stipulate that the policy of insurance No. FA 622 98 62 contained the following standing provision, to-wit:

"" * * * to pay on behalf of the insured all sums which the insured shall become legally liable to pay * * * by final judgment * * * up to the limits of the policy * * *.""

"The Court upon submission of the cause upon stipulation of facts by the parties and after having heard and considered the argument of counsel and being fully advised in the premises makes the following findings of fact and conclusions of law, to-wit:

"1. The Court finds that the facts are undisputed.

"2. The Court finds that from October 5, 1966, the policy limits of the policy of $5,000.00, pursuant to the terms of the judgment, would bear interest at the rate of 6% per annum from that date until paid or tendered.

"3. The Court finds that on February 18, 1970, that the garnishee, The Ohio Casualty Insurance Company, tendered the sum of $6,025.00 to the plaintiff, being the principal amount of the policy in the sum of $5,000.00 and interest at 6% from October 5, 1966, to March 5, 1970, and that on or about February 25, 1970, that Sanders & McElroy paid the accrued court costs direct to the Court Clerk for and on behalf of said garnishee in the sum of $72.80.

"4. The Court finds that the plaintiff returned The Ohio Casualty Insurance Company's draft for $6,025.00 to it on March 10, 1970, and that it paid said amount by draft to the defendant and policyholder, David Eugene Rogers, and that on March 23, 1970, Rogers executed and delivered a policy release to garnishee, The Ohio Casualty Insurance Company.

"5. The Court finds that David Eugene Rogers took the $6,025.00 and paid

an attorney's fee of $1,500.00 to Sanders & McElroy and paid a $50.00 court costs deposit and on April 21, 1970, filed his debtor's petition in bankruptcy in the District Court of the United States for the Western District of Oklahoma.

"6. The Court finds that said Bankruptcy Court received from David Eugene Rogers the sum of $4,475.00 which he had received from the garnishee, The Ohio Casualty Insurance Company, and that said Court paid its clerk $134.25 and paid the trustee a fee of $198.50, and an attorney's fee of $200.00 and remitted the balance of $3,942.25 to the Clerk of Creek County and that said $3,942.25 was paid by the Clerk of this Court to the plaintiff without prejudice to the plaintiff's rights.

"7. The Court finds that The Ohio Casualty Insurance Company, by the terms of its policy, was liable to pay the plaintiff at the time of the tender the sum of $6,025.00 and that the plaintiff has received the sum of $3,942.25 from The Ohio Casualty Insurance Company by way of payment to its insured and then through the Bankruptcy Court and then on to the Clerk of this Court and then to the plaintiff and that there is a balance due and owing in the sum of $2,082.75 for which the plaintiff should have judgment.

"8. The Court finds that the motion of The Ohio Casualty Insurance Company for summary judgment should be overruled.

"9. The Court finds that the motion of David H. Sanders and Bert McElroy d/b/a Sanders & McElroy for summary judgment should be sustained.

"10. The Court holds that whenever the garnishee, The Ohio Casualty Insurance Company, tendered its policy limits together with the accrued interest to the plaintiff on February 18, 1970, that such tender stopped the running of interest, to which holding of the Court the plaintiff excepted and such exception was allowed, noted and saved.

"11. The Court holds that the policy release executed by David Eugene Rogers to The Ohio Casualty Insurance Company, although for the full amount of the policy limits plus accrued interest in the sum of $6,025.00 is void as to the plaintiff and that the garnishee paid the proceeds of its policy to David Eugene Rogers at its peril, to which holding of the Court the garnishee, The Ohio Casualty Insurance Company, excepted and such exceptions were allowed, noted and saved.

"NOW, THEREFORE, BE IT ORDERED, ADJUDGED AND DECREED by the Court that the motion for summary judgment of David H. Sanders and Bert McElroy d/b/a Sanders & McElroy be and the same is hereby sustained, to which order and ruling of the Court the plaintiff excepted and such exception was allowed, noted and saved.

"Thereupon, in open court the plaintiff filed a motion for new trial moving the Court to vacate, set aside and hold for naught the judgment entered in favor of the garnishees, David H. Sanders and Bert McElroy d/b/a Sanders & McElroy, and against the plaintiff and the Court after having heard and considered said oral motion for new trial, finds that same should be overruled to which order and ruling of the Court, the plaintiff excepted and such exceptions were allowed, noted and saved.

"BE IT FURTHER ORDERED, ADJUDGED AND DECREED by the Court that motion for summary judgment of the garnishee, The Ohio Casualty Insurance Company, be and the same is hereby and by these presents overruled, to which order and ruling of the Court the garnishee, The Ohio Casualty Insurance Company, duly excepted and such exceptions were allowed, noted and saved.

"BE IT FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff, Betty Worthan, now Roe, Administratrix of the Estate of Harry Wayne Worthan, deceased, have and recover judgment of and from the garnishee defendant, The Ohio Casualty In-

surance Company, on its Policy No. FA 622 98 62 for the sum of $2,822.75 with interest at the rate of 10% per annum from date hereof until paid in full, to which judgment of the Court the garnishee defendant, The Ohio Casualty Insurance Company, duly excepted and such exceptions were allowed, noted and saved and to the denial of the Court to allow interest from and after March 5, 1970, to this date, the plaintiff excepts and such exceptions were allowed, noted and saved.

"/s/ John Maley
Judge of the District Court"

The Ohio Casualty Insurance Company only appeals, and alleges as error, the following:

"1. The rights of parties under an automobile liability insurance policy spring entirely from the contractual relationship established and are limited by the terms of the policy and whenever an insurance company pays the full amount of the policy limits plus accrued interest to its assured and the assured executed a release to the insurance company therefor, such release is valid and cannot be collaterally attacked or set aside by a court in a garnishment proceeding.

"2. Whenever an insurance company tenders the full amount of its policy limits together with accrued interest to the third party judgment creditor and the creditor refuses to accept same, the insurance company is free to pay same to its assured and does not pay the proceeds at its peril to its policyholder and the trial court erred in so holding."

Under Proposition 1 appellant sets out a number of cases pertaining to the rights of parties regarding insurance policies and the construction of same, which is agreed by appellee as the correct law regarding the altering or modifying the contract as the parties may agree.

However, as pointed out by appellee, the policy in question "is clearly a liability insurance policy." Therefore the rights of the parties become fixed at the time liability attached under the policy.

In Boling v. Ashbridge, 111 Okl. 66, 238 P. 421, the Oklahoma Supreme Court held as follows:

"Contracts to pay legal liabilities differ from contracts of indemnity, in this, that upon the latter action cannot be maintained and recovery had until the liability is discharged, while upon the former the right of action is complete when the liability attaches."

See also Maryland Casualty Co. v. Peppard, 53 Okl. 515, 157 P. 106, pp. 108 & 109[1]; Chicago, Rock Island & Pacific R. Co. v. Davila, Okl., 489 P.2d 760; 44 Am.Jur.2d, Insurance, § 1575, p. 461; and 44 Am.Jur. 2d, Insurance, § 1415, p. 265.

The policy issued by appellant contained the provision for appellant,

" * * * to pay on behalf of the insured all sums which the insured shall become legally liable to pay * * * by final judgment * * * up to the limits of the policy * * *."

It was the intent of appellant to issue a liability policy which covered David Eugene Rogers as insured and it was not the intention of appellant nor the insured to issue any other kind of policy. Since the policy issued by appellant is a liability policy, the liability of appellant to pay the policy limits plus accrued interests became fixed when the liability attached, and was definitely fixed when the liability finally attached, after the trial court judgment was affirmed on appeal. Once the liability had finally attached it was impossible for appellant and its insured to make any changes in the liability insurance policy provisions and the authorities cited by appellant are inappropriate.

Appellee is a third party beneficiary of the insurance policy issued by appellant and after the liability of appellant under the policy became fixed and absolute, neither appellant nor the insured could do anything which would alter appellee's rights under the policy as third party beneficiary.

Appellant claims that the trial court somehow rewrote the terms of the automobile liability policy in holding that the pay-

ment of policy limits plus interest to the insured was done at peril of appellant and that the "policy release" given by the insured to appellant was void. The trial court merely construed and enforced the terms of the liability policy issued by appellant. The trial court held it was the responsibility of appellant to pay on behalf of the insured all sums which the insured was legally liable to pay and held that payment to the insured did not satisfy the terms of the policy. Appellant argues that it discharged its responsibility and liability by paying the full amount of its policy limits together with accrued interest to the policy holder prior to garnishment by appellee. However, this is a clear attempt to avoid paying appellee and was an attempt to change the terms of the liability insurance policy after the liability had become fixed and absolute.

In its second proposition, appellant makes this statement on page 33 of its brief:

> "Since the policy of insurance was a private contract between Rogers and Insurance Company, Plaintiff Worthan was a stranger thereto. The responsibility of Insurance Company to pay on behalf of Rogers any sums that he would become legally liable to pay as a result of an automobile accident was a liability of a surety. If there were no liability on the part of Rogers to Plaintiff Worthan then there would be no liability on the part of the surety Insurance Company."

[redacted] We hold that under the facts of the case under review, appellant was not a surety as that term is defined by 15 O.S.1971, § 371, as follows:

> "A surety is one who, at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor."

[redacted] The insurance policy issued by appellant does not fall within the definition of surety insurance found in 36 O.S.1971, § 708:

> " 'Surety insurance' includes:
>
> "1. Fidelity insurance, which is insurance guaranteeing the fidelity of persons holding positions of public or private trust.
>
> "2. Insurance guaranteeing the performance of contracts, other than insurance policies, guaranteeing the executing bonds, undertakings, and contracts of suretyship.
>
> "3. Insurance indemnifying banks, bankers, brokers, financial or moneyed corporations or associations against loss, resulting from any bills of exchange, notes * * *."

[redacted] The policy issued by appellant comes within the definitions of "vehicle insurance" and "casualty insurance" contained in 36 O.S.1971, §§ 706 and 707 respectively. Under the provisions of 36 O.S.1971, § 706,

> " 'Vehicle insurance' is insurance against * * * accidental death or accidental injury to individuals * * * caused by being struck by a vehicle * * *."

and under 36 O.S.1971, § 707,

> " 'Casualty insurance' includes vehicle insurance as defined in Section 706 and accident and health insurance as defined in Section 703 of this article, and in addition includes:
>
> "1. Liability insurance, which is insurance against legal liability for the death, injury, or disability of any human being, or for damage to property; * * *."

[redacted] Appellant further contends it was ridiculous for the trial court to hold that a creditor could refuse a full tender and then turn around and garnishee and recover after the Insurance Company had fully discharged its liability under its policy by paying the full amount to the policyholder.

In Loth-Hoffman Clothing Co. v. Schwartz, 74 Okl. 18, 176 P. 916, the Oklahoma Supreme Court held:

> "A valid, legal tender of money by a debtor which is refused by a creditor does not operate as a satisfaction of the debt, and is no bar to an action on the debt;

the effect of such tender, *when the tender is maintained,* being to discharge the debtor from liability for interest subsequent to the tender and the costs afterwards incurred." (Emphasis supplied)

The rule is restated in Liberty Nat. Bank of Weatherford v. Semkoff, 184 Okl. 18, 84 P.2d 438, 439, as follows:

"A valid legal tender made by a debtor and refused by a creditor does not operate as a satisfaction of the debt; the effect of such tender *when maintained* being merely to discharge the debtor from liability for interest accruing subsequent to the tender and cost afterward incurred where the recovery does not exceed the amount of the tender." (Emphasis supplied)

Under the authority heretofore set out, we agree with the trial court's holding "that the garnishee paid the proceeds of its policy to David Eugene Rogers at its peril, . . . ." .

The judgment of the trial court in all matters is affirmed.

Affirmed.

ROMANG and BAILEY, JJ., concur.