James F. **BAUGHN**, Appellee,

v.

Robert J. **BUSICK**, Appellant,

and

Beacon Mutual Indemnity Company, a Foreign Corporation, Garnishee.

No. 47620.

Court of Appeals of Oklahoma, Division No. 1.

July 1, 1975.

Rehearing Denied July 29, 1975.

Certiorari Denied Oct. 14, 1975.

Released for Publication by Order of Court of Appeals Oct. 16, 1975.

George Carrisquillo, Walker, Jackman & Associates, Inc., Tulsa, for appellee.

Rucker, Tabor, McBride & Hopkins, Inc. by Paul McBride, Tulsa, for appellant.

ROMANG, Presiding Judge:

In an action for damages for personal injuries resulting from an automobile-motorcycle collision, plaintiff obtained judgment against the defendant on October 29, 1969, for the sum of $25,000.00. This judgment was affirmed on appeal on April 18, 1972.

On May 18, 1973, plaintiff commenced the present garnishment action against the defendant's liability insurance carrier, Beacon Mutual Indemnity Company (Beacon). Under the policy of insurance defendant was insured for bodily injury liability in the basic amount of $10,000.00.

On June 5, 1973 Beacon filed an answer stating that it was indebted to defendant in the amount of $10,000.00 which it was holding for the account of the defendant.

Plaintiff, through his attorney, denied Beacon's answer and elected to take issue with it.

On October 18, 1973, a letter was written by plaintiff's counsel to counsel for Beacon requesting payment of the policy limits. On November 13, 1973, a $10,000.-00 check was forwarded to plaintiff, and it was received on November 14, 1973.

On November 20, 1973, plaintiff filed a Motion for Summary Judgment which reads in its entirety as follows:

"COMES now the Plaintiff and moves this Court to enter judgment against the Garnishee herein in favor of the Plaintiff, in accordance with the provisions of Rule 13. Rules for the District Courts of Oklahoma, 12 O.S.1971, Ch. 2, App.

"Plaintiff is entitled to a determination that Garnishee is liable for interest on the entire amount of a judgment awarded the Plaintiff herein on October 27, 1969, said interest period running from October 27, 1969, through November 13, 1973, and being in an amount of $10,116.45. There are no substantial controversies as to any material fact pertinent hereto, and as a matter of law Plaintiff is entitled to judgment."

Between the time of the $25,000.00 judgment on October 27, 1969, and the $10,000.00 payment of September 13, 1973, interest on the $25,000.00 at the rate of 10% per annum, had accrued in the amount of $10,116.45.

The Beacon insurance policy, in addition to the basic amount of $10,000.00, provided as follows:

"Supplementary Payments. To pay, in addition to the applicable limits of liability:

"(a) All expenses incurred by the company, all costs taxed against the insured in any such suit and *all interest on the entire amount of any judgment* therein *which occurs* after the entry of the judgment and *before the company had paid or tendered or deposited in court* that part of the judgment which does not exceed the limit of the company's liability thereon." (Emphasis supplied.)

Based upon matters contained in the court file, the affidavits of the respective counsel, and sworn responses to plaintiff's Request for Admissions, the trial court, on May 29, 1974, entered summary judgment for the plaintiff and against Beacon for the said accrued interest in the amount of $10,116.45. Included in the trial court's finding of fact was the following:

"6. The Court finds that the Garnishee, Beacon Mutual Indemnity Company, never paid, tendered or deposited in Court that part of the Twenty-five Thousand Dollar ($25,000.00) judgment which did not exceed the limits of Garnishees' liability thereon until November 13, 1973."

Beacon has appealed from said summary judgment and contends that a factual controversy exists as to when there was a tender of the policy limits, and therefore summary judgment should not have been entered.

With respect to Beacon's contentions the record reveals the following: During the trial of the principal action, and after both sides had rested, the trial court instructed a verdict for the plaintiff on the issue of liability, leaving to the jury only the question as to the amount of the damages. Thereupon Beacon offered to settle defendant's potential liability for the sum of $10,000.00. The offer was in a letter from defendant's trial counsel to one of plaintiff's lawyers, which read in part:

"On behalf of Mr. Robert J. Busick, who I represent in the case now on trial * * *, I hereby offer you the sum of $10,000 * * *. This offer is tendered to you *in settlement of Mr. Busick's potential liability* and is made after the court has announced that he was going to direct a verdict in your favor * * *." (Emphasis supplied.)

The offer was refused and the jury thereafter returned a verdict for plaintiff in the amount of $25,000.00.

On March 12, 1973, defendant's same trial counsel wrote to plaintiff's attorney as follows:

"You recently called me and asked what the status of this file was. At the present time, *the offer made to you at the time of trial* for the payment of the $10,000.00 due underneath his policy of insurance *is still open and available.* All you need to do to accept this offer is to notify us to whom you wish the check made." (Emphasis supplied.)

Defendant's potential liability turned out to be $25,000.00 for which Beacon had offered to settle in full on October 27, 1969 for the sum of $10,000.00. The offer made at that time, was repeated in the letter of March 12, 1973, as the above letter excerpts plainly show. At the time of the second letter offer, interest had accrued on the $25,000.00 judgment for which Beacon was liable under the "Supplemental Payments" provision of the insurance policy, but $10,000.00 was all that was offered. Neither of said letter offers could be construed as an unconditional payment, or tender, or deposit in court, of "that part of the judgment which does not exceed the limit of the company's liability thereon."

The record does not reveal any unconditional payment, tender or deposit in court after March 12, 1973, except for the $10,000.00 basic coverage payment forwarded to plaintiff on November 13, 1973. At that time, Beacon owed $10,116.45 in accrued interest under the "Supplemental Payments" provision of its insurance policy. We find the material facts to be uncontroverted, notwithstanding Beacon's assertions to the contrary.

12 O.S.1971, Ch. 2, App.Rule 13, reads in pertinent part:

"A party may move for judgment in his favor where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. The adverse party may file affidavits or other materials in opposition to the motion. * * * The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. * * *"

In *Runyon v. Reid,* 510 P.2d 943 (Okl. 1973), cited and relied upon by Beacon, the opinion reads as follows:

"In *Aktiengesellschaft Der Harlander, etc. v. Lawrence Walker Cotton,* 60 N. M. 154, 288 P.2d 691, the court stated this principle as follows:

" ' * * * the moving party has the burden of showing that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law but * * * when he has made a prima facie showing to this effect *the opposing party cannot defeat a motion for summary judgment* and require a trial *by a bare contention that an issue of fact exists.* He must show that evidence is available which would justify a trial of the issue.' (Emphasis supplied.)

" 'When on the basis of established facts, the plaintiff is entitled to summary judgment as a matter of law, the defendant contending and arguing that there is a genuine issue of material fact cannot and will not make it so.' "

In *Poafpybitty v. Skelly Oil Co.,* 517 P. 2d 432 (Okl.1974), the Oklahoma Supreme Court stated that the object of Rule 13 is to avoid a useless trial, and held in the opinion as follows:

" * * * [T]he court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law."

In *Wilkerson v. Maryland Casualty Co.,* 119 F.Supp. 383 (D.C.E.D.Va.1953), the court said:

" * * * Ordinarily the insurer is desirious of controlling litigation involving

its liability. Under an agreement to pay all interest no harm can be caused the insurer while the company litigates. Not infrequently judgment is obtained against an insured for an amount in excess of the coverage of the policy and it would seem a harsh rule to permit the insurer to litigate the entire case in an effort to save the amount of its coverage while interest on the excess accumulates against the insured. In some situations the consequences to the insured would be serious."

In the instant case, based upon our review of the record, we conclude that plaintiff was entitled to summary judgment as rendered by the trial court.

Affirmed.

REYNOLDS and BOX, JJ., concur.