Frederick C. BOSSERT, Sr., Appellee,

v.

John Arthur DOUGLAS and Ray Scales
d/b/a Ray Scales Associates,
Defendants,
and
Mid-Continent Casualty Co. and Home Insurance Company, Appellants.

No. 48722.

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 16, 1976.

Released for Publication by Order of Court of Appeals Dec. 9, 1976.

Bert M. Grigg, Tulsa, for appellee.

Richard D. Gibbon & Associates by Richard D. Gibbon, Robert N. Barnes, Tulsa, for appellant Mid-Continent Casualty Co.

Watts, Looney, Nichols, Johnson & Hayes by Burton J. Johnson, Kenneth Coe, Oklahoma City, for appellant Home Ins. Co.

ROMANG, Judge.

This is a garnishment proceeding after verdict and judgment. Plaintiff obtained a $90,000.00 verdict against the defendants in an action based upon personal injuries sustained by his son in an automobile collision. The judgment rendered on the verdict, reads:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that said Plaintiff have and recover from the Defendants the sum of $90,000.00 together with interest at the rate of 6% from the 20th day of August, 1971, the date suit was commenced to the 13th day of November, 1972, the date of this verdict, and interest at the rate of 10% thereafter until paid in compliance with Oklahoma Statutes, Title 12, Section 727, together with costs of this action in the sum of $368.82 for which let execution issue."

At the time of the accident involved, John Arthur Douglas was an employee of Ray Scales d/b/a Ray Scales Associates. The verdict and judgment were against both of said parties. Also at the time of the accident, Mid-Continent Casualty Company was the liability insurer of John Arthur Douglas, and the limits of its policy was $50,000.00. Home Insurance Company was an excess liability insurer of Ray Scales d/b/a Ray Scales Associates, and the limits of its policy was $5,000.00.

On November 13, 1972, plaintiff commenced this garnishment action against said insurers. On December 7, 1972, Mid-Continent's attorney delivered to plaintiff's attorney two drafts. One was from Mid-Continent in the amount of $50,000.00, and the other was from Home Insurance Com-

pany in the amount of $5,000.00. Plaintiff and his attorney then executed a partial release of judgment.

After a hearing in this garnishment action, the trial court took the matter under advisement, and on April 3, 1975, rendered judgment against both garnishee insurers for the total sum of $7,635.57, which includes prejudgment interest of $6,657.15, postjudgment interest of $561.60, and court costs of $386.82.

Each of the insurers has appealed from the garnishment judgment, and by order of the Supreme Court the separate appeals have been consolidated for all purposes.

12 O.S. 1971, § 727 provides:

"All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition, provided that:

"1. When a rate of interest is specified in a contract, the rate therein shall apply to the judgment debt and be specified in the journal entry of judgment; however, said rate shall not exceed the lawful rate for such obligation; or

"2. When a verdict for damages by reason of personal injuries is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at the rate of six percent (6%) per annum from the date the suit was commenced to date of verdict."

Mid-Continent's insurance policy reads:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay . . . .

\*    \*    \*    \*    \*    \*

"SUPPLEMENTARY PAYMENTS: To pay, in addition to the applicable limits of liability:

"(a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that

part of the judgment which does not exceed the limit of the company's liability thereon;"

The Home Insurance Company policy reads:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay . . . .

\*    \*    \*    \*    \*    \*

"With respect to such insurance as is afforded by this policy for bodily injury liability . . ., the company shall:

"(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;"

We will first consider the three propositions presented by Mid-Continent, which read:

1. "The trial judge erred in entering judgment for plaintiff because his finding of conditional tender was based on an improper theory of law."

2. "Garnishee Mid-Continent was not liable for payment of prejudgment interest."

3. "Garnishee Mid-Continent is not responsible for any post-judgment interest because it was through the representations of plaintiff, by his attorney Mr. Grigg, that any delay in payment was caused."

Mid-Continent asserts in its brief in chief:

"Mid-Continent had made available or 'tendered' its policy limits to defendant Douglas before suit was brought, or, at least, no later than eleven days after suit was brought, thus halting its liability for future costs and interest."

Mid-Continent further asserts in its reply brief:

". . . [T]he contention of garnishee Mid-Continent is that the contract of in-

surance limited liability to costs and interest accruing before a tender of the policy limits by garnishee Mid-Continent. Such a tender was made by garnishee Mid-Continent to its insured, defendant Douglas, before any costs or interest accrued. That the tender by garnishee Mid-Continent to its insured was uncon? ditional, i.e., garnishee Mid-Continent told defendant Douglas that the full policy limits were available to Douglas for settlement purposes. Garnishee Mid-Continent also advised plaintiff that the full limits of the policy were available to settle the claim, but as to plaintiff the tender was necessarily conditioned upon a full release for defendant Douglas."

Plaintiff had filed two separate lawsuits against the defendants. All offers of settlement made to plaintiff were on the condition that payment of the policy limits of $50,000.00, or $55,000.00 as the case may be, would operate as a complete satisfaction of all claims of plaintiff against both defendants in both lawsuits. Neither Douglas nor Mid-Continent ever made an unconditional payment tender or deposit in court, or direct to plaintiff, of "that part of the judgment which does not exceed the limit of the company's liability thereon." It is also significant that the judgment is larger than any sum ever offered by Douglas or Mid-Continent. See *Baughn v. Busick*, 541 P.2d 873 (Okl.App.1975).

■ ■ Mid-Continent appears to take the position that before judgment, its sole responsibility was to its insured, Douglas. However, its policy of insurance being for the insured's liability to third persons, plaintiff is a third party beneficiary, and his rights became vested at the time of the accident. Mid-Continent's tender of the policy limits to its insured, or even payment of the policy limits to its insured, could not alter the vested rights of plaintiff as a third party beneficiary. See *Worthan v. Ohio Casualty Insurance Co.*, 535 P.2d 1025 (Okl.App.1974). We conclude that Mid-Continent's first proposition has no merit.

■ We now proceed to a consideration of Mid-Continent's third proposition, reserving its second proposition for last. Mid-Continent's third contention is that plaintiff's attorney waived plaintiff's right to postjudgment interest.

The record reveals that Mid-Continent's attorney telephoned plaintiff's attorney on December 7, 1972, advising him of the two drafts mentioned above, and, on the same date, Mid-Continent's attorney delivered the drafts to plaintiff's attorney. In the transcript we note the following:

"Q (By Mr. Gibbon) And what was that conversation, sir?

A (By Mr. Grigg) Well, you called me and said you had a draft, and I told you I wished I had until after the first of the year on account of tax purposes and you told me, you can do what ever you want to, it's up to you, and you delivered them over to my office."

We are unable to find in the record where the above conversation, or any similar conversation between the attorneys, resulted in the delay of a single day in the preparation or delivery of the two drafts. Mid-Continent relies principally upon the case of *Whitmire v. Zolbe*, 403 P.2d 445 (Okl.1965), where, by letter, plaintiff waived or abandoned any claim she might have for damages for defendants' allegedly clogging of sewer, or for trespass on easement. It is distinguishable on the facts.

To hold that plaintiff's attorney had waived plaintiff's right to post judgment interest by merely expressing a wish as above mentioned, would be to reach an absurd result.

We now take up Mid-Continent's second proposition on the question of prejudgment interest.

In *Factory Mutual Liability Ins. Co. of Amer. v. Cooper*, 106 R.I. 632, 262 A.2d 370 (1970), the opinion reads in pertinent part as follows:

"The only question raised by this appeal is whether, under the provisions of

the policy involved in this action, plaintiff is obligated to pay, in excess of its policy limit, interest added to the verdicts in accordance with the mandate in § 9–21–10. We hold that it is not liable for such payment and that the only interest it is obligated to pay, in addition to the applicable limits of liability, is all the interest which accrued on the entire amount of the judgments after entry of such judgments and before the company paid or tendered or deposited in court those parts of the judgments which did not exceed the limit of plaintiff's liability.

\* \* \* \* \* \*

". . . The insureds became legally obligated to pay the total amount of all the verdicts returned by the jury against them. In addition, by virtue of the provisions of § 9–21–10, they became legally obligated to pay interest thereon from the date of commencement of the action. This prejudgment interest is thus included in the judgments. Therefore, these judgments represent the sums which the insureds were 'legally obligated to pay as damages' as a result of the 1961 automobile accident.

"In our judgment, the policy language 'all sums which the insured shall become legally obligated to pay as damages' and 'damages which are payable under the terms of this policy' is unambiguous, and the clause 'legally obligated to pay as damages' refers to the judgments entered by the clerk of the court under our practice and not to the amount of the verdicts.

\* \* \* \* \* \*

". . . We hold that the plaintiff is not obligated to pay as 'damages' interest in excess of its policy limit added to the verdicts under § 9–21–10.

\* \* \* \* \* \*

". . . [P]rejudgment interest is properly an item of damages included in the judgment to compensate a plaintiff for having waited for that to which he is legally entitled.

\* \* \* \* \* \*

"In the case at bar, since plaintiff has paid its policy limit towards the satisfaction of these judgments, it has discharged its liability with respect thereto, both as to the verdicts and as to the prejudgment interest."

■ In the instant case, since Mid-Continent has paid its policy limit toward satisfaction of the judgment, it has discharged its liability as to prejudgment interest. Likewise Home Insurance Company has paid its policy limit toward satisfaction of the judgment, and has thereby discharged its liability as to prejudgment interest.

■ Home Insurance contends that because it tendered its policy limits to Mid-Continent to use for settlement purposes, it should be relieved of the payment of postjudgment interest and court costs. This contention has no more merit than that of Mid-Continent wherein it sought similar relief because it had tendered its policy limits to the defendant, Douglas, to use for settlement purposes. Again see *Baughn v. Busick,* supra, and *Worthan v. Ohio Casualty Ins. Co.,* supra.

■ Home Insurance further contends that since Mid-Continent was the primary insurer, Mid-Continent should have to pay all the postjudgment interest and all the court costs. No persuasive authority is cited to uphold that contention and none has come to our attention.

The liability judgment was against both insureds, and the garnishment judgment was against both insurance companies for the entire amount of postjudgment interest and for all court costs. It is our judgment that said insurance companies are jointly and severally liable for the entire amount of postjudgment interest and all court costs.

AFFIRMED IN PART; REVERSED IN PART.

REYNOLDS, P. J., and BOX, J., concur.