936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Sonny THOMPSON, a minor, by and through his father and next
friend, Charlie Thompson, Charlie Thompson, and
Linda Thompson, Plaintiffs-Appellants,
v.
HORACE MANN INSURANCE COMPANY, a Florida corporation,
Defendant-Appellee.
 No. 90-5252.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Sonny Thompson won a jury verdict of $300,000 against Horace Mann Insurance Company, which represented the full amount of the uninsured motorist insurance policy at issue. The parties have stipulated that Thompson's damages exceeded the $300,000 policy limit. The district court refused to award prejudgment interest because it would exceed the policy coverage. Thompson appeals and we affirm.
 
 
 3
 In a diversity action, "[t]he issue of possible entitlement to prejudgment interest is governed by state law." McNickle v. Bankers Life & Casualty Co., 888 F.2d 678, 680 (10th Cir.1989). We review a federal district court's determination of state law de novo. See Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 4
 In this case, the district court ruled that under Oklahoma law, prejudgment interest could not be granted to the extent that it would result in a total award above the limits of the insurance policy at issue. We agree. The Oklahoma courts have clearly stated that prejudgment interest is an item of damages included in the judgment representing the sum one is legally obligated to pay under an insurance policy. See Curtis & Gartside Co. v. Aetna Life Ins. Co., 58 Okla. 470, 160 P. 465 (1916); Maryland Casualty Co. v. Peppard, 53 Okla. 515, 157 P. 106 (1915); Bossert v. Douglas, 557 P.2d 1164, 1168 (Okla.Ct.App.1976). Accordingly, when an insurance company "has paid its policy limit toward satisfaction of the judgment, it has discharged its liability as to prejudgment interest." Bossert, 557 P.2d at 1168. As did the insurance company in Bossert, the company here has paid the full amount of the policy. Under Oklahoma law it therefore has no further obligation with respect to prejudgment interest.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3